Oliver D. Williams, J.
Motion by defendants Hardbower and Bickford to vacate plaintiff’s warrant of attachment, levy and service of process. Because the afore-mentioned defendants are residents of the State of Virginia and the accident occurred in the State of New Jersey, plaintiff was unable to acquire in personam jurisdiction over them in this negligence action brought in this court. Plaintiff obtained in rem jurisdiction by attaching, upon the authority of Seider v. Roth (17 N Y 2d 111), the defendant Hardbower’s liability insurance policy issued by Allstate Insurance Company, an insurance carrier doing business in this State.
The facts appearing from the papers before the court, in brief, are as follows:
This is an action for wrongful death of Jacob H. Brun, brought by his wife as executrix, pursuant to the statutes of the State of New Jersey. At the time of the accident the deceased and his wife were residents of the State of New York. The accident occurred on February 16, 1965 while Brun was operating his *578 automobile on the New Jersey Turnpike. At the time of the occurrence, a tractor owned by defendant Hardbower was leased to defendant George W. Brown, Inc. The tractor was coupled to a trailer owned by defendant Auclair, Inc., and leased to the defendant George W. Brown, Inc. The tractor and trailer were being used in the business of defendant George W. Brown, Inc., in hauling a cargo of coils of sheet metal which was being shipped by defendant Bethlehem Steel Corp. from Maryland to the defendant General Electric Co. in Connecticut. The defendant Bickford was driving the tractor-trailer just prior to the accident herein. Allegedly, his rig had a blowout on one of the front tires, causing it to collide with the medial guardrail. One of the coils of sheet metal rolled off the trailer and came into contact with the automobile of the deceased, causing his instantaneous death.
On October 24, 1966 the plaintiff secured an order of attachment on a policy of liability insurance which was in existence between defendant Hardbower, as insured, and Allstate Insurance Co. The movants contend that the attachment should be vacated, setting forth all the arguments advanced in the Seider case, and later in Simpson v. Loehmann (21 N Y 2d 305) and Victor v. Lyon Associates (21 N Y 2d 695) which the court refused to accept. If the instant case were on all fours with. Seider, where there existed undisputedly a contractual obligation on the part of the insurance carrier to defend and indemnify the defendant, then this court would have no other alternative than to follow the law as enunciated by the Court of Appeals therein. The Seider case, decided in March, 1966, simply held that the obligations to defend and indemnify owed by a liability insurer to its insured are “ property ” within the meaning of CPLR 5201 (subd. [b]) and 6202 and are therefore subject to attachment and in rem use by an injured party suing the insured in New York. As stated by the court (p. 113), “ The whole question, therefore, is whether Hartford’s contractual obligation to defendant is a debt or cause of action such as may be attached ” (emphasis added). The court held in the affirmative.
In reality, an attack on the Seider case is not necessary for a determination of this motion. In the instant case, movants argue that no contractual obligation to defend and indemnify, exists on the part of Allstate Insurance Co., by reason of the “ Truckmen’s ” endorsement of the Allstate policy which excluded any liability coverage for the acts out of which this action arose. Obviously, if the insurer’s policy does not provide *579 coverage, then there cannot arise a contractual obligation to defend and indemnify, and as a necessary corollary there cannot be a debt owing by the insurance carrier, or anything to attach or levy upon. An attachment must be vacated where there is nothing in this State to which the levy could apply (Dutch-American v. Safticraft Corp., 17 A D 2d 421).
The “ Truckmen’s ” endorsement under which Allstate claims exclusion from coverage is as follows:
“ TRUCKMEN
(Insurance for Non-Trucking Use)
“ It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability, for Property Damage Liability and for Automobile Medical Payments with respect to any automobile described below or designated in the policy as subject to this endorsement, does not apply:
“ (a) to any person or organization, or any agent or employe thereof, other than the named insured, engaged in the business of transporting property by automobile for others;
“ (b) while the automobile or any trailer attached thereto is used to carry property in any business;
“ (c) while the automobile is being used in the business of any person or organization to whom the automobile is rented.” It is apparent that the insurance afforded by Allstate does not apply while the automobile or any trailer attached thereto is used to carry property in any business or while the automobile is being used in the business of any person or organization to whom the automobile is rented. Apparently, the insurance afforded is for liability coverage while the tractor is being delivered' to or returned from the lessee and not attached to any trailer carrying cargo. It is not disputed that the automobile or tractor was on lease from Hardbower to George W. Brown, Inc., at the time of the accident and was attached to a trailer carrying cargo. Under these circumstances, the Allstate policy did not provide coverage for Hardbower and Bickford. We are dealing with the terms of a policy, of a contract which cannot be refined beyond the intents and purposes of the parties. This is an agreement between Hardbower and Allstate. An injured party has no better or other rights than the insured (Marcus v. United States Cas. Co., 249 N. Y. 21, 24). There is no ambiguity in the “ Truckmen’s ” endorsement. This is the only construction that can be fairly placed thereon. Since Allstate had no policy of insurance covering the movants Hardbower and Bick *580 ford for the acts out of which this accident arose, Allstate owed no duty to defend and/or indemnify them in this action. Consequently, there is no debt owing from Allstate to the movants and nothing to levy upon (cf. Seider, supra).
Accordingly, the motion to vacate the order of attachment, the levy and the service of process, is granted All other requests of movants, not ruled upon, are denied.