0346

Willie J. HALL, Respondent, v. ALLSTATE INSURANCE COMPANY, Appellant.

(324 S. E. (2d) 341)

Court of Appeals

*Richard M. Kennedy, Jr.* of *Kennedy & Price*, Columbia, *for appellant.*

*F. David Bulter, J. Marvin Mullis,* and *Carl N. Lundberg,* Columbia, *for respondent.*

Heard Oct. 17, 1984.

Decided Dec. 19, 1984.

*Per Curiam:*

This is an action in contract to collect first party benefits under a fire insurance policy. The circuit court entered judgment for the insured, Willie J. Hall. The insurer, Allstate Insurance Company, appeals. We affirm.

Hall owned a rental dwelling located in Columbia, South Carolina. Allstate insured this dwelling for $20,000 if damaged by fire. On June 15, 1980, the dwelling was partially damaged by fire. The estimated cost of repairing this damage was $20,000. Before any repairs could be made, a second fire occurred on June 20, 1980. The second fire totally destroyed the building causing another $20,000 in damage.

Hall submitted two proofs of loss for $20,000 each. Allstate accepted the proof of loss for the first fire and paid Hall $20,000. However, it refused to honor the second proof of loss for the fire damage of June 20, 1980, claiming a valuation clause in the policy limited total benefits to $20,000, the face amount of the policy. Hall then sued to collect the additional

indemnity for the second loss.

In determining the rights and obligations of the parties under a contract of insurance, the contract must be read and interpreted as a whole. *See Yarborough v. Phoenix Mutual Life Ins. Co.*, 266 S. C. 584, 225 S. E. (2d) 344 (1976). The main point of contention between the parties is whether a so-called "Loss Clause" was incorporated in the terms of the policy. The Loss Clause provides: "Loss hereunder shall not reduce the amount of this policy." Allstate concedes that this clause, if effective, would permit Hall to recover $20,000 for each of the two fires. However, it argues that the Loss Clause is not applicable in South Carolina.

We need not decide this issue, because even if Allstate is correct about the Loss Clause, the second $20,000 would still be payable under the Unearned Premium Clause of the policy. That clause gives the insurer the option, if a loss is paid under the policy, of (1) paying the insured pro rata any unearned premium within 60 days after the time of loss or (2) retaining the unearned premium and reinstating the policy in the amount of the loss. It is undisputed that Allstate did not pay Hall the pro rata unearned premium within 60 days after the first loss occurred. Thus, under the Unearned Premium Clause the policy was reinstated to the full amount of the first loss and it covered the second loss up to $20,000. Allstate cannot retain Hall's premium and at the same time deny him the benefit of his bargain under the policy. *Jost v. Equitable Life Assur. Soc. of the U. S.*, 271 S. C. 492, 248 S. E. (2d) 778 (1978); *Scott v. Liverpool & London & Globe Ins. Co.*, 102 S. C. 115, 86 S. E. 484 (1915).

Allstate makes the additional argument that Section 38-9-190, Code of Laws of South Carolina, 1976, prohibits Hall from recovering more than $20,000 under the policy. However, the effect of the statute is to limit the insured to no more than the amount of the insurance stated in the contract for a single loss, whether total or partial. In this case there were two losses, not one. Therefore, the statute does not control.

For the reasons stated, the judgment of the circuit court is

Affirmed.