McLEAN TRUCKING COMPANY v. OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA AND GARLAND L. WRIGHT

No. 8410SC188

(Filed 15 January 1985)

**Insurance § 90— leased truck—driver not in the business of lessor at time of accident.**

Defendant lessor of a truck was not "in the business of" plaintiff lessee at the time he was involved in an automobile accident, and plaintiff lessee's insurance policy written by defendant insurance company therefore provided coverage for the accident where defendant made freight deliveries assigned through plaintiff's central dispatch in Winston-Salem; following his deliveries in Florida he contacted central dispatch to determine if other assignments in Florida were available; there were none, so he returned to plaintiff's Laurinburg freight terminal hoping to secure an assignment; there he was informed that no loads were available but might be after the weekend; he was told to call the Laurinburg office on Monday morning to see if potential assignments had materialized; defendant then left plaintiff's terminal and headed for his home in Virginia; and the accident occurred along the way.

APPEAL by defendant from *Smith, Donald L., Judge.* Judgment entered 18 November 1983 in WAKE County Superior Court. Heard in the Court of Appeals 13 November 1984.

Plaintiff McLean Trucking Company [hereinafter McLean], lessee of a tractor trailer truck of defendant-lessor Garland Wright, brought this action for a declaratory judgment under the Uniform Declaratory Judgment Act to establish whether an automobile liability insurance policy issued by defendant Occidental Fire & Casualty Company of North Carolina [hereinafter Occidental] naming defendant Wright as insured afforded coverage for claims arising from an accident involving Wright's truck. Both parties moved for summary judgment. The trial court granted summary judgment to plaintiff, finding defendant Occidental's policy afforded coverage, and denied defendant Occidental's motion for summary judgment.

Defendant Occidental appealed.

*Tharrington, Smith & Hargrove, by John R. Edwards and J. Anthony Penry, for plaintiff.*

*Moore, Ragsdale, Liggett, Ray & Foley, P.A., by Peter M. Foley and Robert H. Merritt, Jr., for defendant.*

WELLS, Judge.

The sole issue in this appeal is whether, as a matter of law, defendant Wright was using his tractor trailer "in the business of any person or organization to whom the automobile is rented" when he collided with another vehicle after leaving plaintiff's terminal in Laurinburg, North Carolina en route to his home in Broadnax, Virginia. If defendant Wright was "in the business of" plaintiff, defendant Occidental's automobile liability insurance policy excluded coverage; if he was not "in the business of" plaintiff, defendant Occidental's insurance policy afforded coverage. Defendant contends that (1) the plain language of the insurance policy and facts surrounding the accident place defendant Wright "in the business of" plaintiff, (2) the Truckmen's Endorsement to the insurance policy required the insured's completed return to the point of origination before coverage was applicable, and (3) that Interstate Commerce Commission regulations required a finding that defendant Wright was "in the business of" plaintiff at the time of the accident. We disagree and affirm the trial court's entry of summary judgment.

Entry of summary judgment is appropriate only when the pleadings, evidence produced through discovery, and affidavits, if any, demonstrate that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Whitten v. AMC/Jeep, Inc.*, 292 N.C. 84, 231 S.E. 2d 891 (1977). The material facts of this case, as summarized below, are undisputed, therefore, the only issue is whether plaintiff is entitled to judgment as a matter of law.

The forecast of evidence in this case is that plaintiff leased a truck operated by defendant Wright for one year, beginning 7 August 1980, with continuation of the contract until termination by notice. The contract required Wright, as the lessor, to provide and maintain the tractor trailer and to furnish a qualified driver subject to the approval of the lessee. Item seven of the contract stated that the rented vehicle "shall be and remain under the complete and exclusive control of the Lessee for the duration of this lease and the driver of said equipment shall be considered the employee of the Lessee for the duration of this lease." Item eight of the lease provided that:

> 8. Lessee shall maintain Public Liability and Property Damage Insurance as well as Workmen's Compensation Insurance and agrees to hold Lessor harmless from any such claim while said equipment is in the actual service of the Lessee; however, Lessor shall maintain at his own expense Public Liability and Property Damage Insurance which shall be effective while the equipment is parked, deadheading, bobtailing or otherwise being operated in any manner other than under or pursuant to specific dispatch instructions from the Lessee; and the Lessor will save Lessee harmless from any loss, claim or liability while the equipment . . . is so used or employed. This shall be construed to mean that the Lessee will not be responsible . . . when the equipment is being used other than in connection with the transportation of freight under its authority and with the authorization of the Lessee, or when the same is being used in any manner except under and pursuant to dispatch instructions of the Lessee.

The terms of the contract required plaintiff to procure the insurance coverage required of defendant Wright and charge its cost to the latter.

In accordance with the lease agreement, plaintiff acquired automobile liability insurance for defendant Wright, as a named insured, under plaintiff's existing fleet insurance policy with defendant Occidental. A policy endorsement, denominated Truckmen—Insurance For Non-Trucking Use, was made a part of the basic policy. The endorsement provided:

> It is agreed that the insurance with respect to any automobile described herein or designated in the policy as subject to this endorsement applies, subject to the following additional provisions:

> 1. The insurance does not cover as an Insured any person or organization, or any agent, or employee or contractor thereof, other than the named Insured, while engaged in the business of transporting property by automobile for others, or while en route for such purpose at the request of any person or organization in such business. . . .

> 2. The insurance does not apply:

> (a) while the automobile is used to carry property in any business;

> (b) while the automobile is being used in the business of any person or organization to whom the automobile is rented.

The parties concede that the policy was in force at the time of defendant Wright's accident.

Defendant Wright had been dispatched from his home to plaintiff's terminal in Wilson, North Carolina, to deliver freight in New Jersey. From New Jersey, he was dispatched to Miami and Jacksonville, Florida. Having unloaded in Jacksonville, defendant Wright telephoned plaintiff's central dispatcher in Winston-Salem as required by company operating procedure to await further dispatch. There being no freight available for transport, he proceeded to Laurinburg, North Carolina pulling an empty trailer (in industry parlance "deadheading") at his own volition and without instruction from plaintiff to do so. Defendant Wright arrived on Thursday, January 29, 1981, but failed to obtain another assignment on the following day. Plaintiff's Laurinburg dispatcher advised defendant Wright that an assignment might be forthcoming

from Wilson on Monday and paid him a $100 advancement against services already rendered. Defendant Wright, at his election and without plaintiff's instruction, proceeded to his home in Broadnax, Virginia. En route, defendant Wright collided with a Greyhound bus in Nash County, resulting in multiple civil actions against defendant Wright and plaintiff.

Defendant Occidental appears to argue, *citing e.g. Rodriguez v. Ager*, 705 F. 2d 1229 (10th Cir. 1983); *Simmons v. King*, 478 F. 2d 857 (5th Cir. 1973), that Interstate Commerce Commission [hereinafter I.C.C.] regulations requiring the plaintiff lessee to contractually assume exclusive possession and control of defendant Wright throughout the contract mandates our finding that he was in the business of plaintiff at the time of the accident. We disagree. The decisions cited by defendant Occidental are inapposite to the question before this court.

The I.C.C. has broad regulatory authority to regulate the type of lease agreement entered into between plaintiff and defendant Wright to require "that while motor vehicles are being so used the motor carriers will have full direction and control of such vehicles and will be fully responsible for the operation thereof . . . as if they are the owners of such vehicles. . . ." 49 U.S.C. § 304(e)(2) (1963). By regulation the I.C.C. requires that the lease:

> shall provide for the exclusive possession, control, and use of the equipment, and for the complete assumption of responsibility thereto, by the lessee for the duration of said contract, lease or other arrangement. . . .
>
> . . .
>
> The authorized carrier operating equipment under this part shall remove any legend, showing it as the operating carrier, displayed on such equipment, and shall remove any removeable device showing it as the operating carrier, before relinquishing possession of the equipment.

49 C.F.R. § 1057.4(a)(4) and (d)(2) (1978). The I.C.C. regulations modify the common law doctrine of *respondeat superior* applicable to independent contractors as public policy imposes strict liability on the lessee motor carrier. *American Trucking Assos. v.*

*U.S.*, 344 U.S. 298 (1953) (discussion of policy reasons for imposing strict liability).

The decision in *Rodriguez* merely held that so long as a lessor operated under a motor carrier's I.C.C. authority and bearing the freight carrier's legends that liability is imposed on the carrier-lessee. The *Rodriguez* court was responding to several decisions, *e.g. Wilcox v. Transamerican Freight Lines, Inc.*, 371 F. 2d 403 (6th Cir. 1967) (per curiam), *cert. denied*, 387 U.S. 931 (1967), in which it was held that strict liability to third parties would be imposed on the carrier-lessee only when the lessor was operating in business of the carrier-lessee. Plaintiff McLean's liability for the acts of defendant Wright is not the issue before this court.

The issue we must decide is whether defendant Occidental's insurance policy provided coverage if liability is ultimately imposed on plaintiff. While plaintiff may be held strictly liable to third parties, the I.C.C. regulations do not prevent plaintiff from allocating its risk through insurance or indemnification agreements with a lessor. *Transamerican Freight v. Brada Miller*, 423 U.S. 28 (1975) (indemnity); *American Interinsurance v. Commercial U. Assur.*, 605 F. 2d 731 (4th Cir. 1979), *cert. denied*, 445 U.S. 929 (1980) (in context of South Carolina Public Service Commission regulations).

Defendant next argues that based on the facts, plain meaning of the policy provisions, and uniform interpretation of the insurance contract no coverage is provided. We disagree. Because defendant insurer did not specifically or by reference incorporate the applicable I.C.C. regulations into its policy to define the phrase "in the business of" to the same extent as strict liability may be applied, we must apply time honored principles of insurance contract construction consistently with the context in which the phrase is used and its meaning accorded it in its ordinary use. *Maddox v. Insurance Co.*, 303 N.C. 648, 280 S.E. 2d 907 (1981); *Woods v. Insurance Co.*, 295 N.C. 500, 246 S.E. 2d 773 (1978); *see also St. Paul Fire & Marine Ins. Co. v. Frankart*, 69 Ill. 2d 209, 370 N.E. 2d 1058 (1977); *Simpkins v. Protective Ins. Co.*, 94 Ill. App. 3d 951, 419 N.E. 2d 557 (1981).

The contract language at issue has been interpreted differently in several jurisdictions. *E.g. St. Paul Fire & Marine Ins. Co. v. Frankart, supra* ("in business of" until lessor returns to

origin of haul, terminal where haul assigned, or lessor's home terminal); *Brun v. George W. Brown, Inc.*, 289 N.Y.S. 2d 722 (App. Div. 1968) (coverage under policy only when tractor is being delivered to or returned from lessee and unattached to trailer carrying freight). We find that the language of the insurance contract in question is ambiguous. In reaching our decision therefore:

> [T]he goal of construction is to arrive at the intent of the parties when the policy was issued. . . . The various terms of the policy are to be harmoniously construed, and if possible, every word and every provision is to be given effect. If, however, the meaning of words or the effect of provisions is uncertain or capable of several reasonable interpretations, the doubts will be resolved against the insurance company and in favor of the policyholder.

*Woods v. Insurance Co., supra.*

Applying the principles above, we find that the phrase "in the business of" is best defined in the common law doctrine of *respondeat superior*. It is axiomatic that in order to predicate liability under this doctrine the employee would have to be within the scope of employment, furthering the business of the employer at the time of the accident, therefore, "in the business of" the lessee. *Passmore v. Smith*, 266 N.C. 717, 147 S.E. 2d 238 (1966). The law in this state is equally clear that an employee is not engaged in the business of the employer while driving home from his place of employment. *Ellis v. Service Co., Inc.*, 240 N.C. 453, 82 S.E. 2d 419 (1954). Defendant Wright, following his deliveries in Florida, followed normal procedure and contacted plaintiff's central dispatch to determine if other assignments in Florida were available. With no assignments available, he returned to plaintiff's Laurinburg freight terminal hoping to secure an assignment. There, he was informed that no loads were available but loads might be available in Atlanta, Charlotte and Wilson on Monday. Defendant Wright was not assigned to any of these potential assignments and was told to call the Laurinburg terminal Monday morning to confirm if the potential assignment in Wilson had materialized as the Wilson terminal is in the Laurinburg operating district. Defendant Wright secured, under plaintiff's procedures, a $100 advance against freight already transported by defendant but not yet paid. Defendant left and the accident oc-

curred as defendant Wright returned home. Under these un-disputed facts, we hold, that for the purpose of defendant Oc-cidental's insurance policy, defendant Wright was not in the business of plaintiff at the time of the accident.

Defendant Occidental argued that defendant Wright was in the business of plaintiff until such time as he returned to his home in Virginia *citing St. Paul Fire & Marine Ins. Co. v. Frankart, supra.* The *Frankart* court held that for the purpose of insurance coverage the driver-lessor is "in the business of" the motor-carrier lessee "at least until the owner-driver returns to the point where the haul originated . . ., to the terminal from which the haul was assigned . . ., or to the owner-driver's home terminal from which he customarily obtained his next assignment. . . ." *Id.* Under the facts before us, defendant Wright's deposition reflects that the Laurinburg terminal and plaintiff's central dispatch in Winston-Salem were responsible for making assign-ments out of the Wilson terminal. Even though defendant had received his original assignment out of the Wilson terminal from central dispatch in Winston-Salem, when defendant Wright re-turned to Laurinburg he had essentially returned to the terminal from which the freight was assigned.

The grant of summary judgment by the trial court is hereby

Affirmed.

Judges ARNOLD and BECTON concur.