685 F.Supp. 123 (1988)
CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, Plaintiff,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Michael Lawrence Metz, Rodney Lee Howze, and Johnnie Earl, as Administrator of the Estate of Charles William Earl, deceased, Defendants.
Civ. A. No. 3:87-3021-16.
United States District Court, D. South Carolina, Columbia Division.
April 25, 1988.
Charles E. Hill, Columbia, S.C., for Central Nat. Ins. Co. of Omaha.
F.G. Delleney, Jr., Chester, S.C., for Johnnie Earl.
Ronald A. Barrett, Columbia, S.C., for Rodney Lee Howze.
Pope D. Johnson, III, Carl Holloway, Columbia, S.C., for Michael L. Metz.
Beverly Carroll, Rock Hill, S.C., for Liberty Mut. Ins. Co.

ORDER
HENDERSON, District Judge.
The plaintiff brought this action seeking a declaratory judgment on the issue of its *124 obligation to defend Michael Lawrence Metz, a truck driver employed by Key Way Transport, Inc. ("Key Way"), pursuant to a business auto policy issued to Key Way by the plaintiff.[1] On April 1, 1988, the action was tried to the Court. In accordance with Rule 52 of the Federal Rules of Civil Procedure, the Court makes the following findings of fact and conclusions of law.

FINDINGS OF FACT
1. The plaintiff is an insurance company organized under the laws of Nebraska with its principal place of business in Omaha, Nebraska.
2. Defendant Liberty Mutual Insurance Company ("Liberty Mutual") is a corporation organized under the laws of Massachusetts with its principal place of business in Massachusetts. Defendant Michael Lawrence Metz is a resident of Virginia. Defendants Rodney Lee Howze and Johnnie Earl, as administrator of the estate of Charles William Earl, deceased, are residents of South Carolina.
3. On December 4, 1986, Metz was driving a 1979 International tractor in Chester County, South Carolina, when his vehicle collided with a gasoline-powered sign positioned in the southbound portion of Interstate Highway 77 near where a crew of the South Carolina Department of Highways and Public Transportation was doing roadwork.
4. As a result of the collision and ensuing fire, Charles William Earl was killed and defendant Howze suffered personal injuries.
5. On June 28, 1985, Metz leased the 1979 International tractor, vehicle identification no. E2327JGA26458, from Cowan Enterprises, Inc., a Maryland corporation, pursuant to the provisions of a written "Equipment Lease." (Plaintiff's Exhibit 4). In paragraph 13 of the equipment lease, Cowan Enterprises, Inc., granted Metz permission to enter into a "permanent lease" with Key Way, a related corporation.
6. On June 28, 1985, Metz also entered into a "Motor Vehicle Lease Agreement" with Key Way pursuant to which Key Way leased the 1979 International tractor from Metz. (Plaintiff's Exhibit 4). Under the terms of the lease, Key Way had the right to "exclusive possession, control and use of the equipment" and was obligated to "assume complete responsibility for the operation of the equipment." (Id., para. (d)). In addition, Key Way was to "maintain insurance coverage for the protection of the public pursuant to the commissions [sic] regulations." (Id., para. (k)(1)).
7. On December 4, 1986, the day of the accident, Liberty Mutual had in effect a liability policy insuring Key Way, its vehicles, employees and lease owner/operators, including Metz. (Plaintiff's Exhibit 9). Liberty Mutual has agreed to provide a defense for Metz as a result of the accident.
8. On the day of the accident, the plaintiff also had in effect a liability policy insuring Key Way and owner/operators under permanent lease to Key Way, including Metz. (Plaintiff's Exhibits 1 (master policy) and 2 (Metz's certificate of insurance)). This policy, which first went into effect in 1983 and was renewed in October 1986, provided non-trucking automobile liability insurance for Metz. The policy contained an endorsement, Insurance Services Office form CA 23 09 (Ed. 01 78), captioned "TRUCKERSINSURANCE FOR NON-TRUCKING USE," which modified the policy according to the following terms:
A. The following exclusions are added:
This insurance does not apply to:
1. A covered auto while used to carry property in any business.

*125 2. A covered auto while used in the business of anyone to whom the auto is rented.
10. Robert Donahue, the plaintiff's representative, testified as to what constitutes a trucking purpose as opposed to a non-trucking purpose. According to Donahue, it is not essential that a tractor be attached to a loaded trailer in order to find a trucking purpose; rather, any truck, loaded or empty, that is operated under the carrier's direction is operated for a trucking purpose. Included within this definition is a truck which, having made a delivery, is returning to the terminal without a load.
11. On December 3, 1986, Metz left the Key Way terminal in Baltimore, Maryland, carrying a load of pipe to Rock Hill, South Carolina. He was operating the 1979 International tractor with Key Way placards affixed. He arrived at Rock Hill at approximately 7:00 a.m. on December 4, 1986, where the pipe was unloaded. (See Plaintiff's Exhibit 11). After unloading, Metz called the local Key Way agent, Aubrey Smith in Florence, South Carolina, to secure a return load. Smith is an independent commission agent for several trucking companies, including Key Way, acting as a broker between shippers and carriers. (See Plaintiff's Exhibit 5). In calling Smith, Metz was acting on general instructions from Key Way; however, he had the option of refusing to haul any load arranged by Smith.
12. Smith had been notified beforehand that Metz was to be in South Carolina and would need a return load. When Metz called on December 4, Smith told him a shipment of lumber destined for Quakertown, Pennsylvania, was available in Conway, South Carolina. Metz agreed to carry it on his return trip. Metz and Smith arranged that Metz was to stop in Florence to collect certain paperwork and advance payment from Smith before proceeding to Conway to load the shipment. Smith prepared a shipment document, called a "pro," on a blank form provided by Key Way. (Plaintiff's Exhibit 7). Metz left Rock Hill at approximately 9:00 a.m. on December 4 en route to Florence and Conway, pulling an empty trailer. The accident occurred shortly afterwards in Chester County, South Carolina.

CONCLUSIONS OF LAW
1. This controversy is between citizens of different states of the United States and the amount in controversy exceeds $10,000 exclusive of interest and costs. The Court therefore has jurisdiction under 28 U.S.C. § 1332.
2. There is an actual case or controversy between the parties arising from Metz's request that the plaintiff provide liability coverage and a defense in the underlying tort actions, which request has been denied. Therefore, this action is an appropriate one for a declaration of rights under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688 (1936).
3. The defendants Johnnie Earl, as administrator of the estate of Charles William Earl, deceased, and Rodney Lee Howze are proper parties in that they are potential claimants against any liability coverage available to defendant Metz for the accident of December 4, 1986. These parties have answered the instant complaint, are represented by counsel and will be bound by the judgment declared herein.
4. Liberty Mutual has agreed to provide a defense to Metz pursuant to its policy of insurance issued to Key Way. The controversy, therefore, is limited to coverage under the plaintiff's policy issued to Key Way.
5. It is undisputed that Metz, whether an employee of Key Way or an independent contractor, is covered as an owner/operator under the plaintiff's liability policy issued to Key Way. In denying Metz coverage for the accident of December 4, 1986, the plaintiff relies on Exclusion No. 2 on form CA 23 09 in its policy in effect at the time of the accident, which excludes coverage for "[a] covered auto while used in the business of anyone to whom the auto is rented." (Plaintiff's Exhibit 1). Insurance policies are subject to *126 general rules of contract construction and their language must be given its plain, ordinary and popular meaning. Sloan Construction Co. v. Central National Insurance Co. of Omaha, 269 S.C. 183, 236 S.E.2d 818 (1977). See also St. Paul Fire & Marine Ins. Co. v. Frankart, 69 Ill.2d 209, 13 Ill.Dec. 31, 370 N.E.2d 1058 (1977) (term "in the business of" construed independently of ICC regulations absent reference to regulations in policy).
It is undisputed that the 1979 International tractor operated by Metz at the time of the accident was rented to Key Way. In addition, the Court concludes that the tractor, which was pulling a rented trailer without a load, was being used "in the business of" Key Way at the time of the accident. The Court finds that whether a tractor-trailer is being operated without a load ("deadheading") is not determinative of whether it is being operated "in the business" of the carrier. An empty tractor-trailer may be found to be operated "in the business" of the carrier within the meaning of Exclusion No. 2; otherwise, Exclusion No. 2 would be "totally meaningless" when read in conjunction with the language of Exclusion No. 1. Frankart, 13 Ill.Dec. at 34, 370 N.E.2d at 1061. An insurance contract must be read and interpreted as a whole in determining the parties' rights. Hall v. Allstate Ins. Co., 284 S.C. 62, 324 S.E.2d 341 (Ct.App.1984).
Although the tractor-trailer was empty when the accident occurred, Metz was acting within the scope of his contract with Key Way to further the business of Key Way. See McLean Trucking Co. v. Occidental Fire & Casualty Co. of North Carolina, 72 N.C.App. 285, 324 S.E.2d 633, review denied, 313 N.C. 603, 330 S.E.2d 611 (1985). He was en route to pick up a return load consigned to Key Way. Although he had the choice to accept or reject the load, that fact alone is not dispositive because truck operators in general make choices in determining their routes and other matters involved in making deliveries for the carrier. Nevertheless, they act on general instructions from the carrier. See Frankart, 13 Ill.Dec. at 35, 370 N.E.2d at 1062. Moreover, when Metz agreed to accept the load, he plainly exercised his discretion in furtherance of Key Way's business. It is the nature of the business that a driver relieved of his load at the point of delivery return to the terminal with an empty trailer unless he can locate a load for the return trip. If, as here, the return load is not located at the point of delivery, the truck operator drives the empty trailer to the loading point but that drive is part of the same trip.
The Court concludes that Metz continued to operate the tractor-trailer in the business of Key Way even after making the delivery in Rock Hill. In driving to Florence en route to Conway to pick up the paperwork and advance for the return load consigned to Key Way, he was acting within the scope of his contract with Key Way in furtherance of Key Way's business. Therefore, at the time of the accident Metz was operating his tractor-trailer "in the business of" Key Way.
6. The Court concludes that the exclusions set forth on form CA 23 09 are a valid part of the liability policy in effect on December 4, 1986. The Court therefore declares its judgment as follows:
a. The plaintiff's policy for non-trucking use does not afford coverage to Metz for any claims arising out of the accident on December 4, 1986.
b. The plaintiff is not obligated to defend Metz in the three underlying tort actions now pending or in any other actions that may be brought against him as a result of the accident.
IT IS SO ORDERED.
NOTES
[1] The parties to the underlying tort actions, Johnnie Earl, as Administrator of the Estate of Charles William Earl v. Key Way Transport, Inc., Cowan International and Michael Lawrence Metz, C.A. No. 0:XX-XXX-XX and 0:XX-XXX-XX, and Rodney Lee Howze v. Michael Lawrence Metz and Key Way Transport, Inc., C.A. No. 0:XX-XXXX-XX, dispute whether Metz was an employee of Key Way Transport, Inc., or an independent contractor under a permanent lease. The Court does not decide the issue at this time inasmuch as the distinction is immaterial for the purpose of construing the policy. For the purpose of this order, however, Metz will be referred to as "employee" and Key Way Transport, Inc., as an "employer."