ENGLE v ZURICH-AMERICAN INSURANCE GROUP

Docket No. 174552. Submitted January 9, 1996, at Detroit. Decided May 7, 1996, at 9:05 A.M.

Paul E. Engle brought an action in the Wayne Circuit Court against Zurich-American Insurance Group, Liberty Mutual Insurance Company, and Beverly McConnell, seeking a declaration concerning which of the defendant insurers' automobile insurance policies provided coverage against McConnell's personal injury action against the plaintiff. McConnell's action had arisen from a collision between the plaintiff's truck tractor and McConnell's automobile. The plaintiff had leased the tractor, complete with driver, to B & W Cartage Company and had insured the tractor with Zurich-American under a bobtail policy. B & W also had insured the tractor with Liberty Mutual. At the time of the accident, which occurred when B & W's offices were closed, the plaintiff was headed back to B & W's yard after dropping off a loaded trailer. Although not required to do so, plaintiff routinely parked his tractor at the B & W yard and checked with B & W's dispatcher for messages during B & W's office hours. The court, Michael L. Stacey, J., on cross-motions for summary disposition, granted summary disposition against Zurich-American and for Liberty Mutual after ruling inapplicable a provision in the Zurich-American policy excluding coverage "[w]hile the automobile is being used in the business of any person or organization to whom the automobile is rented." Zurich-American appealed, and the plaintiff cross appealed the grant of summary disposition for Liberty Mutual.

The Court of Appeals *held*:

The exclusion at issue is subject to more than one reasonable interpretation and therefore must be construed against Zurich-American, its drafter, and in favor of the plaintiff, the insured. Because the plaintiff requested that its cross appeal be considered only if the grant of summary disposition against Zurich-American were reversed, the cross appeal need not be considered.

Affirmed.

O'CONNELL, J., concurring in part and dissenting in part, stated agreement with the majority's determination concerning the Zurich-American policy, but would also address the issue of coverage

under the Liberty Mutual policy, as raised in Zurich-American's appeal, and find coverage under the Liberty Mutual policy for the reasons set forth in *Zurich-American Ins Co v Amerisure Ins Co*, 215 Mich App 526 (1996).

INSURANCE — EXCLUSIONS — AMBIGUITIES — JUDICIAL CONSTRUCTION.

An insurance policy exclusion that is subject to more than one reasonable interpretation will be construed by a court against the insurer and in favor of the insured.

*Powers, Chapman, DeAgostino, Meyers & Milia, P.C. (by Ward M. Powers)*, for Paul E. Engle.

*Plunkett & Cooney, P.C. (by Robert G. Kamenec)*, for Zurich-American Insurance Group.

*Beresh & Prokopp (by David G. Sekerak)*, for Liberty Mutual Insurance Company.

Before: WAHLS, P.J., and REILLY and O'CONNELL, JJ.

PER CURIAM. In this declaratory action for determination of insurance coverage, defendant Zurich-American Insurance Group appeals as of right the trial court's March 31, 1994, grant of summary disposition against it and in favor of plaintiff. Plaintiff cross appeals the court's entry of summary disposition in favor of defendant Liberty Mutual Insurance Company. We affirm.

Plaintiff is a truck driver who owned a 1987 International Cab tractor (hereinafter "truck") that was leased to B & W Cartage Company, a carrier operating under a permit issued by the Interstate Commerce Commission. The lease provided that plaintiff rented the truck "complete with drivers, to B & W for use in loading and transporting such property as B & W may require."

On May 26, 1992, plaintiff used the truck to make deliveries that were assigned to him by B & W. His

last delivery was to Guardian Glass. According to his
deposition, after dropping off a trailer there, he con-
sidered the day's work over. Because the delivery to
Guardian Glass was a one-way haul, plaintiff
explained, he "never got paid a dime for going no
place after [he] left Guardian." He drove the truck to
a restaurant for dinner, ate there, and left. While
plaintiff was en route to B & W, at approximately 6:30
P.M., the truck collided with a vehicle driven by
defendant Beverly McConnell.

After the accident, plaintiff went to B & W's yard,
parked the truck, checked for messages, and went
home in his pickup truck. Plaintiff had no obligation
to return to B & W after the delivery. He knew that
the dispatcher's office would be closed. (The normal
hours of operation were 6:00 a.m. to 6:30 P.M.)
Although plaintiff routinely parked the truck at the B
& W lot because he had no other place to park it, he
was not required to do so.

In accordance with the terms of the lease between
plaintiff and B & W, both plaintiff and B & W insured
the truck. Plaintiff had a "bobtail" insurance policy
with Zurich, and B & W insured the truck through
Liberty. After McConnell sued plaintiff for personal
injuries sustained in the accident, plaintiff brought
this action against Zurich and Liberty for a declara-
tion of his rights under the two insurance policies.

Following cross-motions for summary disposition,
the trial court ruled that the policy from Zurich, but
not Liberty, provided coverage.

The Zurich policy contained a provision that
excluded coverage "[w]hile the automobile is being
used in the business of any person or organization to
whom the automobile is rented." The issue in this

case is whether this exclusion applies, specifically, whether the truck was being used "in the business" of B & W at the time of the accident.[1]

Zurich argues that coverage was excluded because at the time of the accident plaintiff was furthering the commercial interests of B & W:

> Although parking his truck at the yard was coincidentally a matter of convenience for Engle, it also benefited B & W because it permitted the truck to be ready for use at any time. The fact that Engle stopped at the yard every night also allowed for the two way exchange of information between trucker and carrier, a fact which also indicates a business purpose.

Zurich primarily relies on *St Paul Fire & Marine Ins Co v Frankart*, 69 Ill 2d 209; 13 Ill Dec 31; 370 NE2d 1058 (1977). In that case, Frankart leased his truck and trailer to Wilson Freight Company. He was involved in an accident after he completed a delivery for Wilson and was heading in the direction of his home with an empty trailer. The court concluded that a clause identical to the provision at issue in this case excluded coverage.

> Wilson's failure to have another assignment for Frankart at its Illinois terminal did not terminate its "exclusive possession, control, responsibility and use" of Frankart's tractor-trailer provided under the lease. It is the nature of Wilson's business that its owner-drivers will be relieved of a

---

[1] Zurich's sole issue on appeal according to its statement of questions presented is:

WHETHER THE TRIAL COURT PROPERLY GRANTED SUMMARY DISPOSITION ON THE ISSUE OF WHETHER PLAINTIFF WAS "IN THE BUSINESS" OF ITS LESSEE AT THE TIME OF THE ACCIDENT, AND THEREFORE WITHIN THE EXCLUSION OF THE NONTRUCKING POLICY?

load at a point of delivery, and that, unless another load can be picked up on the return trip, the owner-drivers must make their return trip pulling an empty trailer. As Wilson's vice president conceded, the original assignment does not terminate at the point of delivery. We find that it continues at least until the owner-driver returns to the point where the haul originated . . . , to the terminal from which the haul was assigned . . . , or to the owner-driver's home terminal from which he customarily obtained his next assignment. [*Id.* At 218.]

In this case, the trial court rejected Zurich's arguments and determined that the exclusion did not apply. The court noted that plaintiff was not returning to the terminal to drop off property belonging to B & W, that he was not being paid, that he had made his final delivery, and that he was not under any directive to return to the terminal. As for the significance of the plaintiff's returning to the terminal to park the truck and get his pickup truck, the court stated:

[T]he purpose of his return to the terminal, to park his truck, was entirely a personal matter. B and W did not exercise any control over where trucks were parked when not in use for B and W. Nor was B and W obligated to secure for its truckers a place to park. Rather B and W permitted Plaintiff as well as other truckers to park their rigs at its terminal as a convenience to them.

The courts of this state have not issued any published decisions discussing whether an exclusionary clause similar to the one at issue applies when the truck is being used after the driver has completed assigned deliveries.[2] Courts of foreign jurisdictions

---

[2] We note that in *Zurich Ins Co v Rombough*, 384 Mich 228; 180 NW2d 775 (1970), the Court held that a policy containing a similar clause, "in any business," was ambiguous. However, the Court stated that it was the

confronted with similar facts and exclusions have reached different conclusions. See *Frankart, supra; McLean Trucking Co v Occidental Fire & Casualty Co*, 72 NC App 285; 324 SE2d 633 (1985); *Liberty Mutual Ins Co v Connecticut Indemnity Co*, 55 F3d 1333 (CA 7, 1995); *Acceptance Ins Co v Canter*, 927 F2d 1026 (CA 8, 1991), and cases cited therein.

We conclude that the exclusion is subject to more than one reasonable interpretation and construe it against Zurich. A provision is said to be ambiguous when its words may reasonably be understood in different ways. *Clevenger v Allstate Ins Co*, 443 Mich 646, 654; 505 NW2d 553 (1993), quoting *Raska v Farm Bureau Mutual Ins Co of Michigan*, 412 Mich 355, 362; 314 NW2d 440 (1982). The view of the court in *Frankart*, essentially, that a vehicle is being used in the business of the carrier during the return trip, is a reasonable interpretation of the exclusionary provision. However, the view of the trial court is also a reasonable interpretation. Therefore, the provision is ambiguous, and must be construed against the insurer and in favor of coverage. Although Zurich may decide to include the *Frankart* definition of "in the business" in the policy, we do not believe it is appropriate for this Court to impose the definition by way of judicial interpretation.

---

relationship between the exclusion and the clause relating to the insurer's duty to defend that created the ambiguity. *Id.* at 232. The Court did not indicate whether the exclusionary clause by itself was ambiguous. In *Zurich-American Ins Co v Amerisure Ins Co*, 215 Mich App 526; 547 NW2d 52 (1996), this Court determined that the exclusion did not apply when the accident occurred when the truck was being driven to a facility for repair. The opinion does not provide guidance in this case in which the accident occurred following completion of assigned deliveries.

On cross appeal, plaintiff contends that if this Court reverses the trial court's grant of summary disposition against Zurich, that it must also reverse the denial of summary disposition against Liberty. We recognize that the extent of the insurers' obligations is governed by the terms of their respective policies. *Zurich-American Ins Co v Amerisure Ins Co*, 215 Mich App 526; 547 NW2d 52 (1996). However, because plaintiff requests review of this aspect of the court's decision only if we reverse summary disposition against Zurich, we need not address the issues presented in the cross appeal.

Affirmed.

O'CONNELL, J. (*concurring in part and dissenting in part*). I agree with the majority's conclusion with respect to the policy issued by Zurich-American Insurance Group, but would also consider whether coverage was afforded under the policy issued by Liberty Mutual Insurance Company. In accordance with the recent opinion of this Court in *Zurich-American Ins Co v Amerisure Ins Co*, 215 Mich App 526; 547 NW2d 52 (1996), I would find coverage under both policies.

The provision of the Zurich-American policy that excludes coverage "[w]hile the automobile is being used in the business of any person or organization to whom the automobile is rented" suffers from a latent ambiguity under the facts of this case. I am persuaded that plaintiff was, in fact, effecting the business of B & W Cartage Company by returning the tractor to the terminal where he could check for work-related messages. See *St Paul Fire & Marine Ins Co v Frankart*, 69 Ill 2d 209; 13 Ill Dec 31; 370 NE2d 1058 (1977). However, I agree with the majority that the particular facts of this case, such as the fact

that plaintiff was under no directive to return to the terminal, could reasonably lead to the conclusion that the tractor was not being used "in the business of" B & W at the time the accident occurred. Because exclusionary clauses are strictly construed, *Raska v Farm Bureau Mutual Ins Co of Michigan*, 412 Mich 355, 361-362; 314 NW2d 440 (1982), against the drafting insurer, *Clevenger v Allstate Ins Co*, 443 Mich 646, 654; 505 NW2d 553 (1993), I agree that the ambiguous exclusion must be read narrowly in favor of the insured. Accordingly, I would find coverage under the Zurich-American policy.

However, I would also find coverage under the Liberty Mutual policy for the reasons set forth in *Zurich-American Ins Co v Amerisure, supra*. That decision, resting upon similar facts, dealt with identical provisions of insurance policies that were identical to those presently being considered, and concluded that coverage existed under both policies. The majority has declined to reach this issue because plaintiff's cross appeal is phrased in the alternative: if this Court finds no coverage under the Zurich-American policy, then this Court should consider whether coverage exists under the Liberty Mutual policy. However, the majority overlooks the fact that *Zurich-American* is the *appellant* and both plaintiff *and Liberty Mutual* are *appellees*.[1] Zurich-American raises this issue in its brief on appeal, and the issue is, therefore, properly before this Court. Because *Zurich-American Ins Co v Amerisure, supra*, provides that in situations such as the present one cover-

---

[1] While it is true that plaintiff, in his cross appeal, names Liberty Mutual as a cross appellee but does not name Zurich-American as a cross appellee, plaintiff's *cross appeal* is distinct from Zurich-American's *appeal*.

age exists under both policies, I would also find coverage to exist under both policies.

I would affirm the order granting summary disposition in favor of plaintiff with respect to the policy issued by Zurich-American and would reverse the order granting summary disposition in favor of Liberty Mutual with respect to the policy issued by Liberty Mutual.