MGM TRANSPORT CORPORATION AND LIBERTY MUTUAL INSURANCE COM-
PANY, PLAINTIFFS V. ELSIE R. CAIN, TIMOTHY CLARK BUTTERFIELD, JAMES
CLEVELAND HOLMES AND NORTHLAND INSURANCE COMPANY, DEFENDANTS

No. COA97-699

(Filed 20 January 1998)

**Insurance § 1182 (NCI4th)— leased tractor—liability insur-
ance—non-trucking use endorsement—use in business of
lessee—exclusion of coverage under lessor's policy**

A bobtailing tractor was being used "in the business of" the
lessee at the time of an accident so that a non-trucking use
endorsement in the lessee's liability policy, which excluded cov-
erage for the tractor while it was being used "in the business of
anyone to whom the [tractor] is rented," applied to exclude cov-
erage under that policy where the driver was required by the
lessee to keep the tractor at his home, and at the time of the acci-
dent the driver was acting under the lessee's instructions to drive
the tractor to its terminal to pick up a shipment.

Appeal by plaintiffs from order entered 20 March 1997 by Judge
Julius A. Rousseau, Jr., in Davidson County Superior Court. Heard in
the Court of Appeals 4 December 1997.

*Brinkley, Walser, McGirt, Miller, Smith & Coles, P.L.L.C., by
G. Thompson Miller, for plaintiff-appellants.*

*Bell, Davis & Pitt, P.A., by Stephen M. Russell, for defendant-
appellee Northland Insurance Company.*

MARTIN, John C., Judge.

MGM Transportation Corporation (MGM) and Liberty Mutual
Insurance Company (Liberty Mutual) filed this declaratory judgment
action to determine the rights and obligations of the parties under
policies of insurance issued by Liberty Mutual to MGM and by
Northland Insurance Company (Northland) to defendant Holmes.
The dispute arises out of a collision which occurred on 3 August 1994
when a tractor belonging to defendant Holmes and driven by defend-
ant Butterfield collided with an automobile in which defendant Elsie
Cain was a passenger. At the time of the collision, Holmes' tractor
was leased to MGM under an "Independent Contractor Agreement."
Cain subsequently brought an action for personal injuries naming
Holmes, Butterfield and MGM as defendants.

MGM maintained liability insurance coverage through a policy issued by Liberty Mutual; Holmes maintained liability insurance coverage through a policy issued by Northland. In their complaint, plaintiffs alleged that the Northland policy provided primary coverage and that Northland should be required to provide a defense to the Cain claim and pay any judgment resulting therefrom, up to its policy limits of $750,000. In its answer, Northland alleged that its policy contained a Non-Trucking Use Endorsement which excluded coverage for the tractor while it was being used "in the business of anyone to whom the [tractor] is rented," and that at the time of the accident, the tractor was being used in the business of MGM. Northland alleged that Liberty Mutual's policy provided primary coverage for the Cain claim.

Plaintiffs moved for summary judgment. The depositions, affidavits, and exhibits before the trial court showed that MGM, a trucking company engaged in shipping freight in interstate commerce, operates a terminal in High Point. In 1992, MGM entered into an "Independent Contractor Agreement" with Holmes to lease his tractor; the agreement provided that MGM would have "exclusive possession, control and use" of the tractor during the term thereof and required Holmes to provide a driver. The agreement also required MGM to maintain liability insurance coverage on the tractor and required Holmes to maintain "bobtail" or non-trucking use insurance coverage.

On the date of the accident, defendant Butterfield was the driver employed by Holmes to operate the tractor. Pursuant to instructions received from MGM to bring the tractor to the terminal to pick up a shipment, Butterfield was "bobtailing" (driving the tractor without a trailer attached) from his home in Asheboro to MGM's terminal in High Point when the collision occurred which gave rise to Elsie Cain's claim.

The trial court denied plaintiffs' motion for summary judgment and entered summary judgment in favor of defendant Northland, declaring "that the tractor driven by [defendant] Butterfield was being used in the business of plaintiff MGM at the time of the accident . . . and that the Northland Insurance Company policy, with the non-trucking use endorsement, issued to [defendant] Holmes does not provide coverage . . . ." Plaintiffs appeal.

Plaintiffs assign error to the trial court's denial of their motion for summary judgment and to its entry of summary judgment in favor of defendant Northland. Summary judgment is appropriate in a declaratory judgment action where there is no genuine issue of material fact and either party is entitled to judgment as a matter of law, and may be rendered against the non-moving party. *Blades v. City of Raleigh*, 280 N.C. 531, 187 S.E.2d 35 (1972); N.C. Gen. Stat. § 1A-1, Rule 56(c) (1967). In this case, the material facts are not in dispute; the only issue to be decided is a legal one, i.e., whether the exclusion contained in the Northland policy is applicable.

The Northland policy contained a "Truckers - Insurance for Non-Trucking Use" endorsement which excluded coverage for the tractor "while used in the business of anyone to whom the [tractor] is rented" and provided that "an insured does not include anyone engaged in the business of transporting property . . . ." This type of policy is commonly known as a "bobtail" policy and provides liability insurance coverage for a leased tractor when the tractor is being used for the lessor's personal purposes. *Reeves v. B & P Motor Lines, Inc.*, 82 N.C. App. 562, 346 S.E.2d 673 (1986). By the arguments in their briefs, the parties agree that the issue, therefore, is whether, as a matter of law, Butterfield was driving the tractor "in the business of" MGM at the time of the accident. If Butterfield was driving "in the business of" MGM, the exclusion in Northland's policy applies and Liberty Mutual's policy provides coverage; if he was not driving "in the business of" MGM, Northland's policy provides coverage. We hold that Butterfield was driving "in the business of" MGM at the time of the accident and affirm the entry of summary judgment in favor of defendant Northland.

Our Court has previously construed insurance contract language such as that used in the exclusionary clause contained in Northland's "Truckers—Insurance for Non-Trucking Use" endorsement using *respondeat superior* principles. *McLean Trucking Co. v. Occidental Fire & Casualty Co.*, 72 N.C. App. 285, 324 S.E.2d 633, *disc. review denied*, 313 N.C. 603, 330 S.E.2d 611 (1985). Thus, the question is whether the driver is acting within the scope of the business of the lessee, MGM, at the time of the accident. "It is axiomatic that in order to predicate liability under this doctrine the employee would have to be within the scope of employment, furthering the business of the employer at the time of the accident, therefore, 'in the business of' the lessee." *Id.* at 291, 324 S.E.2d at 636; see also *Reeves*, 82 N.C. App.

562, 346 S.E.2d 673 (bob-tail coverage not applicable when tractor is used "in the business of lessee").

The primary inquiry in determining vicarious liability under the doctrine of *respondeat superior* is whether the principal retains the right to control and direct the details of the work. *Vaughn v. Department of Human Resources*, 296 N.C. 683, 252 S.E.2d 792 (1979). Where an employer retains the right to control and direct the details of the work, the employee's acts done in furtherance of the employer's business may be said to have been done in the scope of employment, or in the context of this case, "in the business of" the employer. It is a general rule that an employee is not engaged "in the business of" the employer while driving to and from the place of employment. *McLean, supra.* However, where the employee is acting at the direction of, or in the performance of some duty owed to, the employer when making the trip, the employee may be said to be acting in the scope of employment. *See Powers v. Lady's Funeral Home*, 306 N.C. 728, 295 S.E.2d 473 (1982) (worker's compensation case where employee injured while returning to his home while on-call; held injury compensable as occurring within course and scope of employment); *Evington v. Forbes*, 742 F.2d 834 (4th Cir. 1984) (applying North Carolina law and holding employee returning to work while on "call-back" status was acting within scope of employment).

In the present case, the undisputed facts are that Butterfield, as the driver of the truck, was required by MGM to keep the leased tractor at his home, rather than at MGM's terminal. When he was on-call, he was required to be in readiness to go to the terminal to pick up a load. Before proceeding to the terminal, he was required to perform pre-trip inspections and maintenance on the tractor. When the tractor was not needed for MGM's purposes, Butterfield was permitted to use it for personal errands. On the date of the accident, Butterfield was on-call and had received instructions from MGM to bring the tractor into the terminal to pick up a shipment. Unlike the driver in *McLean*, who was en route to his home at his own election rather than at the instruction of his dispatcher, Butterfield was, at the time of the accident, acting upon instructions from MGM in driving the tractor to the terminal. These facts, even viewed in the light most favorable to plaintiffs, establish as a matter of law that Butterfield was acting in furtherance of the business of MGM. Therefore, we hold the tractor was being used "in the business of" MGM at the time of the accident, and Northland's policy provides no coverage for the accident of 3 August 1994. Summary judgment for defendant Northland is affirmed.

Affirmed.

Judges JOHN and SMITH concur.