ZURICH INSURANCE COMPANY v. ROMBOUGH

1. INSURANCE—CONTRACTS—AMBIGUOUS PROVISIONS—CONSTRUCTION.
    Ambiguous policy provisions must be construed against the insurance company and most favorably to the premium-paying insured.

2. INSURANCE—AUTOMOBILES—AMBIGUOUS PROVISIONS—DEFENSE OF INSURED.
    Insurance policy which provided that the insurer shall defend any suit against the insured for bodily injury liability and for property damage liability even if such suit is groundless, false or fraudulent and an exclusion clause providing that coverage did not apply while insured vehicles were "used to carry property in any business" is sufficiently ambiguous to require defense of the insured in an automobile negligence action of the nature and kind covered by the policy, although the insurer claimed the driver of the vehicle was engaged in the business of hauling a trailer which con-

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile Insurance §§ 2, 46, 87.
[2] 7 Am Jur 2d, Automobile Insurance §§ 161, 222.
[3] 7 Am Jur 2d, Automobile Insurance §§ 160, 161.

tained barrels of fluid at the time of the accident, that, under the exclusion clause, there was no coverage, and that it consequently did not have any duty to represent its insured in the negligence action.

3. ACTION—STOPPING ACTION—TRIAL—DELAY—DECLARATORY JUDGMENT—AUTOMOBILES—INSURANCE—ABUSE OF DISCRETION.

The progress of an automobile negligence case should not have been stopped while a nonparty insurer contests, in a separate action, its obligation to defend its insured who is a defendant in the negligence case; the declaratory judgment procedure was not intended as a weapon to be used against a plaintiff in this manner and to delay trial of the automobile negligence action while processing a declaratory judgment may well constitute an abuse of judicial discretion.

Appeal from Court of Appeals, Division 3, J. H. Gillis, P. J., and R. B. Burns and V. J. Brennan, JJ., reversing Clinton, Leo W. Corkin, J. Submitted October 9, 1970. (No. 9 October Term 1970, Docket No. 52,659.) Decided November 12, 1970. Rehearing denied December 30, 1970.

19 Mich App 606 affirmed.

Complaint by Zurich Insurance Company against Harry B. Rombough and Richard J. Latz for a declaratory judgment that it is not obligated under a policy of insurance to defend Rombough in an automobile negligence action brought against him by Latz. Judgment for plaintiff. Defendant Rombough appealed to Court of Appeals. Reversed. Plaintiff appeals. Affirmed.

*Cholette, Perkins & Buchanan* (by *Don V. Souter*) for plaintiff.

*Fildew, DeGree, Gilbride & Smith,* for defendant Harry B. Rombough.

T. M. KAVANAGH, J.   Appellant seeks reversal of
the decision of the Court of Appeals reversing the
Clinton County Circuit Court's declaratory judg-
ment that Zurich Insurance Company was not ob-
liged to defend its insured, Harry Rombough, in
an automobile negligence action pending in Clinton
County Circuit Court.

On September 9, 1965, one Richard Latz filed the
above referenced automobile negligence action.[1]
Rombough was named as codefendant under Michi-
gan's "owner-liability" statute[2] on the basis of al-
legations that he owned the vehicle with which Latz'
car had collided and that said vehicle was being
driven at the time of the accident by codefendant
Eugene Willhite with Rombough's knowledge and
permission.

At the time of the accident which precipitated
Latz' lawsuit, Rombough carried liability insurance
known as "bobtail coverage" with Zurich Insurance
Company.   The industry uses this term to describe
policies covering only "empty" vehicles, such as those
on return runs after making deliveries.   See, *Ayers*
v. *Kidney* (CA 6, 1964), 333 F2d 812, 813.   Rom-
bough's policy carried an endorsement, exclusion
clause (b), which stated that it did not apply while
insured vehicles were "used to carry property in
any business."   The vehicle involved in the accident
was one of a fleet of vehicles scheduled under the
policy.   Other pertinent provisions are:

"II. *Defense, Settlement, Supplementary Pay-
ments.*   With respect to such insurance as is afforded
by this policy for bodily injury liability and for
property damage liability, the company shall:

"(a) defend any suit against the insured alleging
such injury, sickness, disease or destruction and

[1] Clinton Civil Case No 335; pending.
[2] MCLA § 257.401 (Stat Ann 1968 Rev § 9.2101).

seeking damages on account thereof, *even if such suit is groundless, false or fraudulent;* but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;". (Emphasis supplied.)

Rombough, through attorneys furnished by Zurich Insurance Company, filed an answer denying both that he owned the vehicle involved at the time of the accident and that it was being driven with his knowledge and permission. In support thereof, he alleged that on December 3, 1963—17 days prior to the accident—he had transferred title of the vehicle and had removed the license plates. The plates were subsequently stolen from the defendant and replaced on the vehicle. The title transfer had not been completed by the Secretary of State's office at the time of the accident.

After the filing of the answer, Zurich Insurance Company caused an investigation to be made and discovered that at the time of the accident the vehicle was driven by Willhite, who was engaged in the business of hauling a trailer which contained barrels of Phillips degreasing fluid. Zurich Insurance Company filed a petition for a declaratory judgment in the Clinton County Circuit Court claiming that under the exclusion clause (b) in the contract there was no coverage and that it consequently did not have any duty to represent the defendant.

Defendant Rombough filed an answer asserting that under § II(a) of the contract the plaintiff had the duty to represent the defendant in the *Latz* case irrespective of the coverage stated in the policy. He alleged that the *Latz* suit was groundless under § II(a), since he had transferred the title of the vehicle and it was being driven at the time of the accident without his knowledge or consent.

The trial judge held that Zurich Insurance Company had no duty to defend Rombough and entered judgment accordingly. Rombough appealed, and the Court of Appeals reversed the judgment of the trial court and held that Zurich Insurance Company had a duty to represent the defendant in the original action. 19 Mich App 606. Plaintiff-appellant Zurich Insurance Company is here on leave granted. 383 Mich 758.

The sole question is whether Zurich Insurance Company had an obligation to represent defendant Rombough under the terms of his liability policy in the damage suit of *Latz* v. *Willhite* and *Rombough,* which suit is still pending in the Clinton County Circuit Court.

The relationship between the exclusion clause (b) and § II(a) of the policy results in some uncertainty as to the insurer's duties. A simple addition to the language of § II(a) or the exclusion clause could have eliminated the uncertainty. Zurich Insurance Company was the drafter of the policy. It is elemental insurance law that ambiguous policy provisions must be construed against the insurance company and most favorably to the premium-paying insured.

Justice Tobriner, writing for the California Supreme Court in the case of *Gray* v. *Zurich Insurance Company* (1966), 65 Cal 2d 263 (54 Cal Rptr 104, 419 P2d 168), construing similar provisions, said:

"In interpreting an insurance policy we apply the general principle that doubts as to meaning must be resolved against the insurer and that any exception to the performance of the basic underlying obligation must be so stated as clearly to apprise the insured of its effect.

"These principles of interpretation of insurance contracts have found new and vivid restatement in the doctrine of the adhesion contract. As this court

has held, a contract entered into between two parties of unequal bargaining strength, expressed in the language of a standardized contract, written by the more powerful bargainer to meet its own needs, and offered to the weaker party on a 'take it or leave it basis' carries some consequences that extend beyond orthodox implications. Obligations arising from such a contract inure not alone from the consensual transaction but from the relationship of the parties.

"Although courts have long followed the basic precept that they would look to the words of the contract to find the meaning which the parties expected from them, they have also applied the doctrine of the adhesion contract to insurance policies, holding that in view of the disparate bargaining status of the parties we must ascertain that meaning of the contract which the insured would reasonably expect." (Pp 269, 270.)

Similarly, the rule in Michigan is set forth in *City Poultry & Egg Co.* v. *Hawkeye Casualty Co.* (1941), 297 Mich 509, where the insurance company claimed that under an exclusion in the policy it was not liable for the payment of damages for injuries received by a person or persons being transported by any commercial vehicle described therein. It contended the obligation to defend referred only to suits against the plaintiff in which the insurance company would be liable to pay a judgment rendered against plaintiff. The policy contained a clause similar to the instant case which required it to defend groundless, false, or fraudulent suits. This Court said (p 512):

"The insurance company could have limited its obligation to the defense of suits where, on the facts, the insurance company was liable to the insured in case of judgment. That, however, is not this case. Here, the undertaking to defend is absolute."

Appellant insurance company relies upon the case of *Duval* v. *Aetna Casualty & Surety Co.* (1943), 304 Mich 397, where Justice WIEST, writing for the Court, distinguished the *Duval* case from the case of *City Poultry & Egg Co.* v. *Hawkeye Casualty Co.*, *supra,* by saying (p 400) :

"In that case the policy expressly provided that the insurance company should defend suits against the insured 'even if such suit is groundless, false, or fraudulent.' "

He pointed out that the coverage in *Duval* did not contain such a clause and, therefore, was not ambiguous.

Justice KELLY, writing for the Court in *Burton* v. *Travelers Insurance Company* (1954), 341 Mich 30, without discussing whether the insurance contract was ambiguous, cited *Duval, supra,* as authority for his holding that defendant was required only to defend lawsuits for injuries covered by the insurance policy. Justice KELLY did not discuss the case of *City Poultry & Egg Co.* v. *Hawkeye Casualty Co.*, *supra.*

We conclude by adopting the reasoning quoted from *Gray* v. *Zurich Insurance Co.*, *supra,* and applying the Michigan rule set forth in *City Poultry & Egg Co.* v. *Hawkeye Casualty Co.*, *supra,* as controlling the instant case. The policy of insurance involved in this case is sufficiently ambiguous to require defense in the *Latz* v. *Willhite* and *Rombough* case by Zurich Insurance Company. Our decision does not extend the insurer's duty to defend without limits. The duty extends only to the defense of actions of the nature and kind covered by the policy. In this connection, we again note that Latz' complaint alleged bodily injuries caused by collision with a vehicle allegedly owned by Rombough.

Although the above disposes of the instant case,

we feel compelled to speak out against a practice which has unnecessarily delayed the trial of the law action brought by plaintiff Latz in the circuit court for the County of Clinton on September 9, 1965. Regardless of whether Latz is entitled to a judgment for damages, the progress of his case should not have been stopped while a nonparty insurer contests, in a separate action, its obligation to defend defendant Rombough.

The declaratory judgment procedure was not intended as a weapon to be used against a plaintiff in this manner.[3] Such practices add to the civil case backlogs and waste of judicial time. Such actions are causing the public to rapidly lose confidence in the judiciary's ability to handle litigation.

For the above listed reasons we are of the opinion that the evils occasioned by delay of the main action will in most cases far outweigh the benefit to the insurer of a prior judicial declaration of its obligations to the defendant. Accordingly, to delay trial of plaintiff Latz' action while processing a declaratory judgment may well constitute an abuse of judicial discretion.

Plaintiff-appellant Zurich Insurance Company shall defend Rombough in the Latz case and the circuit court for the County of Clinton is instructed to grant immediate trial in the negligence action.

The decision of the Court of Appeals is affirmed. Defendant Rombough shall have costs.

T. E. BRENNAN, C. J., and DETHMERS, BLACK, ADAMS, and T. G. KAVANAGH, JJ., concurred with T. M. KAVANAGH, J.

KELLY, J., did not sit in this case.

---

[3] The availability of declaratory relief when another adequate remedy exists is limited by our rule to "cases where it is appropriate." GCR 1963, 521.3.