DOCHOD v CENTRAL MUTUAL INSURANCE COMPANY

1. INSURANCE—INSURERS—DUTY TO DEFEND—ALLEGATIONS IN COMPLAINT.

The duty of an insurer to defend an action brought by a third party against the insured depends upon the allegations in the complaint of the third party.

2. INSURANCE—INSURERS—DUTY TO DEFEND—DUTY TO PAY.

The duty of an insurer to defend an action brought against the insured by a third party is severable from the duty to pay; that an insurer may ultimately be found not liable is a matter separate and apart from its obligation to defend the insured.

3. INSURANCE—INSURERS—DUTY TO DEFEND—THEORIES OF RECOVERY.

An insurer's duty to defend its insured extends to the defense of actions of the nature and kind covered by the policy, and the insurer has a duty to defend, despite theories of liability asserted against the insured which are not covered under the policy, if there are any theories of recovery that fall within the policy.

4. INSURANCE—AMBIGUITIES IN POLICY—RESOLUTION AGAINST INSURER.

Ambiguities in an insurance policy are to be resolved against the insurer and most favorably to the premium-paying insured.

5. INSURANCE—INSURERS—DUTY TO DEFEND—INTENTIONAL ACT OF INSURED—ALLEGATIONS OF COMPLAINT—NEGLIGENCE.

An insurer has a duty to defend its insured in an action brought against the insured by a third party even though the insured admits and it is stipulated that the insured inflicted injury upon the third party intentionally and the policy excludes liability for intentional acts of the insured where the complaint asserts, among several causes of action, negligence, which comes within the coverage of the insurance policy.

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 44 Am Jur 2d, Insurance §§ 1538–1542.

Allegations in third person's action against insured as determining liability insurer's duty to defend. 50 ALR2d 458.

Appeal from Kent, R. Stuart Hoffius, J. Submitted November 1, 1977, at Grand Rapids. (Docket No. 77-378.) Decided January 24, 1978.

Complaint by John Dochod against Central Mutual Insurance Company for recovery of the costs of defending an action for damages brought against the plaintiff by a third party which the defendant refused to defend, and for damages for mental suffering. Judgment for plaintiff. Defendant appeals. Affirmed.

*Reamon, Williams, Klukowski & Craft, P. C.* (by *William G. Reamon* and *Themis J. Fotieo),* for plaintiff.

*Hillman, Baxter & Hammond* (by *Joel M. Boyden* and *Phillip J. Nelson),* for defendant.

Before: R. M. MAHER, P. J., and M. F. CAVANAGH and N. J. KAUFMAN, JJ.

PER CURIAM. Defendant appeals as of right from a January 19, 1977, judgment awarding plaintiff damages in the amount of $2,371, together with interest and costs, following a nonjury trial.

The case arises from an incident which occurred in the early morning hours of July 28, 1974, when John Womble was struck and injured by an automobile driven by the plaintiff in this matter, John Dochod. At approximately 11 p.m. on the preceding evening, plaintiff had met several friends, including John Womble, at "Nutsy's Pub". After having several drinks at the bar, the group proceeded to the home of Jerome Keller where more drinks were consumed.

As time went on, Dochod and Womble had a

sharp disagreement which turned into a fight. After losing this scuffle, plaintiff left the Keller home, went to his own house, obtained two handguns and returned to Keller's about 15 to 20 minutes later. Following a heated discussion with Jerome Keller, plaintiff again drove from the scene, threw one of the guns down a sewer manhole and put the other in the trunk of his car. He then returned to the Keller home.

Shortly after his return, Dochod again became involved in a dispute with Womble. It is apparent from the testimony that Womble tried to reach for Dochod while plaintiff sat in his car. Dochod pulled away in the car and then tried to back into Womble as he lay in the street. Plaintiff finally hit him with the car after several passes.

On July 31, 1975, Womble filed suit against Dochod. The three count complaint asserted causes of action in negligence, wilful and wanton misconduct or gross negligence and assault and battery.

The incident was reported by plaintiff to his insurance company, which declined to accept the tendered defense of *Womble v Dochod* due to the fact that during its investigation, which occurred before the commencement of Womble's suit, Dochod informed Central Mutual that he had intentionally struck Womble. Central Mutual's decision not to defend Dochod was based upon a provision in the insurance contract which excluded any application of the contract in cases in which the bodily injury complained of was caused intentionally by the insured.

Dochod then retained private counsel to defend him in the action brought by Womble. Plaintiff also commenced the present action seeking to recover the costs of his defense in the case of *Womble v Dochod* and seeking damages for mental

suffering. Dochod alleged that defendant had wrongfully refused to assume his defense.

The matter was submitted to the court sitting without a jury on the basis of stipulated facts. It was stipulated that for purposes of this particular case it could be assumed that a finder of fact would determine that the actions of John Dochod were intentional within the relevant provisions of the policy issued by defendant. The trial court found that defendant had wrongfully refused to defend plaintiff in his prior action and accordingly judgment was entered for plaintiff. From this judgment, defendant appeals.

In Michigan the duty of the insurer to defend the insured depends upon the allegations in the complaint of the third party in his or her action against the insured. *Guerdon Industries, Inc v Fidelity & Casualty Company of New York,* 371 Mich 12; 123 NW2d 143 (1963), 7A Appelman, Insurance Law and Practice, § 4683.

"The insurer's duty to defend under an insurance contract is measured by the allegations in the pleadings of the person who is suing the insured, *Guerdon Industries, Inc. v Fidelity & Casualty Company of New York, [supra],* * * * and is not dependent on the insurer's ultimate liability to pay. * * * *City Poultry & Egg Co v Hawkeye Casualty Co,* 297 Mich 509; 298 NW 114 (1941) * * * . The insurer's duty to defend is not limited to meritorious suits * * * and may even extend to actions which are groundless, false, or fraudulent, * * * so long as the allegations in the action against the insured even arguably come within the policy coverage. * * * The insurer is under a duty to defend if the complaint alleges facts constituting a cause of action within the insurance coverage, even if other facts constituting causes of action not covered by the policy are also alleged." *Space Conditioning, Inc v Insurance Company of North America,* 294 F Supp 1290, 1293 (ED Mich, 1968).

When considering whether the insurer has a duty to defend the insured, it must be remembered that the duty to pay is severable from the duty to defend. *Zurich Insurance Co v Rombough,* 384 Mich 228; 180 NW2d 775 (1970). The one is not dependent on the other. That an insurer may ultimately be found not liable, therefore, is a matter separate and apart from its obligation to defend the insured.

In the instant case, Womble asserted three counts in his complaint against Dochod. At least one of those counts, the claim for negligence, comes within the coverage of plaintiff's insurance policy. The duty to defend extends to the defense of actions of the nature and kind covered by the policy, irrespective of what the ultimate finding may be. *Zurich Insurance Company v Rombough, supra.* Hence, an action for negligence is one to which Central Mutual's duty to defend extends.

There was at least one count, for assault and battery, which was quite clearly excluded from coverage by a clause in the policy. But an insurer has a duty to defend, despite theories of liability asserted against an insured which are not covered under the policy, if there are any theories of recovery that fall within the policy. *The Western Fire Insurance Co v J R Snyder, Inc,* 76 Mich App 242; 256 NW2d 451 (1977).

Moreover, the competing provisions of the policy, that which excludes coverage for intentionally caused injuries and that which provides coverage for negligently inflicted harm, produce an ambiguity. Ambiguities in an insurance policy are resolved against the insurer. *Nickerson v Citizens Mutual Insurance Co,* 393 Mich 324; 224 NW2d 896 (1975). Our Supreme Court examined similarly competing provisions in *Zurich Insurance Co v*

*Rombough, supra,* and concluded that the insurer in such a situation is still obliged to defend. Relying upon the language of Justice Tobriner in *Gray v Zurich Insurance Co,* 65 Cal 2d 263; 54 Cal Rptr 104; 419 P2d 168 (1966), the Court noted that ambiguous policy provisions must be decided against the insurance company and most favorably to the premium-paying insured. 384 Mich at 232.

Appellant Central Mutual argues that this case is distinguishable from the class of cases dealing with an ambiguous policy resulting from competing provisions. In this case, it was stipulated and plaintiff Dochod admitted that his actions were intentional. Therefore, Central Mutual claims, it relieved itself of a duty to defend. An insurer's duty to defend, however, is predicated not on facts disclosed by an insurer's independent investigation which indicates or even proves noncoverage, but only upon allegations in the complaint against the insured. See *Campidonica v Transport Indemnity Co,* 217 Cal App 2d 403; 31 Cal Rptr 735 (1963), *McFadyen v North River Insurance Co,* 62 Ill App 2d 164; 209 NE2d 833 (1965), *Missionaries of the Company of Mary, Inc v Aetna Casualty & Surety Co,* 155 Conn 104; 230 A2d 21 (1967), *Employers' Fire Insurance Co v Beals,* 103 RI 623; 240 A2d 397 (1968).

As Judge Learned Hand has stated, the duty to defend means

"that the insurer will defend the suit, if the injured party states a claim, which, qua claim, is for an injury 'covered' by the policy; it is the claim which determines the insurer's duty to defend; and it is irrelevant that the insurer may get information from the insured, or from any one else, which indicates, or even demonstrates, that the injury is not in fact 'covered.' " *Lee v*

*Aetna Casualty & Surety Co,* 178 F2d 750, 751 (CA 2, 1949).

At most, the stipulation makes the issue of plaintiff's insurance coverage ambiguous. The policy coverage provision, which favors the insured, and the stipulation, which does not, are at odds. We deem it reasonable in this situation to follow Michigan policy as to insurance contracts and resolve any doubts in favor of the insured.

Central Mutual was under an obligation to defend plaintiff and wrongfully refused to do so. The judgment of the trial court is affirmed. Costs to appellee.