FRANKENMUTH MUTUAL INSURANCE COMPANY v BEYER

Docket No. 83947. Submitted February 12, 1986, at Grand Rapids.
    Decided May 12, 1986.
    Margaret Donnelly filed suit in the Emmet Circuit Court against
        William J. Beyer, alleging one count of intentional assault and
        battery and a second count of negligence. Beyer had a home-
        owner's insurance policy issued by Frankenmuth Mutual Insur-
        ance Company and he requested Frankenmuth Mutual to
        defend him against Donnelly's suit and provide coverage in the
        event that he was found liable for damages. Frankenmuth
        Mutual thereafter brought an action for a declaratory judg-
        ment, arguing that it had no duty to defend or provide coverage
        to Beyer in Donnelly's tort suit. Subsequently, the trial court in
        the underlying action, on Donnelly's motion, dismissed the
        negligence count. Frankenmuth Mutual then moved for sum-
        mary judgment in its declaratory judgment action, contending
        that there were no genuine issues of material fact and that it
        was entitled to judgment as a matter of law on the basis of a
        provision in the insurance policy which excluded coverage for
        liability caused intentionally by the insured. The trial court,
        Richard M. Patjas, J., granted summary judgment in favor of
        Frankenmuth Mutual. Beyer appealed. *Held:*

    1. The duty of an insurance company to defend its insured
    arises solely from the language of the insurance contract.
    Whether a claim for an injury is covered by a policy is deter-
    mined by the allegations in the complaint against the insured.

    2. In this case, the insurance policy contained a provision
    which excluded coverage for the insured for "liability caused
    intentionally by . . . insured." Such an exclusionary provision
    is effective where it is shown that the insured acted intention-
    ally and intended the injury which resulted from his actions.

    3. On the basis of the facts alleged, Beyer had the intent both

REFERENCES

Am Jur 2d, Insurance §§ 587 *et seq.,* 708, 709, 1405, 1411.
Liability insurer's negligence or bad faith in conducting defense as
    ground of liability to insured. 34 ALR3d 533.
See the annotations in the ALR3d/4th Quick Index under Liability
    Insurance.

to act and to injure. However, if at trial the finder of fact finds that Beyer had acted in self-defense as he alleges, then it would find no cause of action for assault and battery and there would be no liability and no coverage under the insurance policy. On the other hand, if the finder of fact finds that Beyer committed the alleged assault and battery, then coverage would be excluded under the terms of the policy. The trial court therefore properly ruled that Frankenmuth Mutual had no duty to defend Beyer against Donnelly's suit.

Affirmed.

1. INSURANCE — DUTY TO DEFEND.

The duty of a liability insurance company to defend its insured in an action brought by a third party arises solely from the language of the insurance contract; such duty to defend is to be determined from the allegations of the third party's complaint and this obligation to defend has been extended to include the duty to defend if the insurer knows that a true but unpleaded fact or set of facts would bring the claim within the coverage of the insurance policy.

2. INSURANCE — POLICY EXCLUSION — INTENTIONAL ACT — INTENTIONAL INJURY.

An insurance policy provision excluding liability of the insurance company for injury intentionally caused by its insured, to be effective, requires both that the insured acted intentionally and intended the injury which resulted.

*Barney, Hoffman & Gano* (by *Steven L. Barney*), for plaintiff.

*Gursten, Wigod & Koltonow, P.C.* (by *Gerald E. Wigod*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and SHEPHERD and D. A. ROBERSON,* JJ.

PER CURIAM. On December 1, 1983, Margaret Donnelly filed an action against William Beyer in Emmet Circuit Court for damages she suffered in a domestic quarrel with Beyer. The complaint contained one count alleging an intentional assault

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

and battery and a second count alleging negligence. Beyer had a homeowner's insurance policy with plaintiff Frankenmuth Mutual Insurance Company and requested that Frankenmuth defend him in the action and provide coverage. On January 30, 1984, plaintiff insurer filed the present action against defendant Beyer in Emmet Circuit Court seeking a declaratory judgment that it had no duty to defend or provide coverage in the underlying tort action under the terms of defendant's insurance policy. Subsequently, in the underlying action, the circuit court granted Donnelly's motion to withdraw the negligence count of her complaint against Beyer. Plaintiff insurer's motion for summary judgment brought under GCR 1963, 117.2(3) in the present case was granted by the trial court on April 1, 1985. Defendant Beyer appeals from the order granting summary judgment in favor of plaintiff. We affirm.

The complaint in the underlying assault and battery action alleges that on September 24, 1983, "Beyer did, without provocation, intentionally maliciously and willfully assault and batter plaintiff Margaret R. Donnelly, beating her about the head, neck and body both with his hands and a metal crutch, and further assaulting and threatening plaintiff with a loaded shotgun." The complaint alleged that Donnelly suffered various injuries requiring hospitalization including a concussion, internal injuries, aggravation of a preexisting neck injury, and injury to may other parts of her body. Beyer contended at his deposition that he had acted in self-defense and did not intend to injury Donnelly.

The issue below and on appeal is whether liability for the intentional tort allegedly committed by the defendant insured was excluded by the pertinent exclusionary provision of the homeowner's

policy between plaintiff and defendant. The homeowner's insurance policy provided in pertinent part:

> Coverage L—Personal Liability
> We pay, up to our limit of liability, all sums for which any insured is legally liable because of bodily injury or property damage caused by an occurrence to which this coverage applies.
> We will defend any suit seeking damages, provided the suit resulted from bodily injury or property damage not excluded under this coverage. We may make any investigation and settle any claim or suit that we decide is appropriate. We are not obligated to provide a defense after we have paid an amount equal to our limit of liability.
>
> \* \* \*
>
> 1. Exclusions that Apply to Both Personal Liability and Medical Payments to Others—This policy does not apply to liability:
>
> \* \* \*
>
> h. caused intentionally by or at the direction of any insured; . . .

None of the cases cited by the parties interpret the exact language used in the policy in question here, i.e., "liability . . . caused intentionally by . . . insured," although several cases interpret the language, "injury caused intentionally by insured." See *Farm Bureau Mutual Ins Co v Rademacher,* 135 Mich App 200; 351 NW2d 914 (1984); *Vermont Mutual Ins Co v Dalzell,* 52 Mich App 686; 218 NW2d 52 (1974), lv den 392 Mich 803 (1974); *Connecticut Indemnity Co v Nestor,* 4 Mich App 578; 145 NW2d 399 (1966). However, we find it unnecessary to analyze this difference in language both because neither party has addressed this issue (both seem to assume the language in question means the same thing as "injury caused

intentionally") and because the tortious conduct alleged in the underlying tort suit is clearly excluded under any interpretation of the policy.

The duty of an insurance company to defend its insured arises solely from the language of the insurance contract. *Stockdale v Jamison,* 416 Mich 217; 330 NW2d 389 (1982). Whether the claim is for an injury that is covered by the policy is determined by the allegations in the complaint against the insured. *Wright v White Birch Park, Inc,* 118 Mich App 639, 643; 325 NW2d 524 (1982). "[T]his obligation to defend has been extended to include the duty to defend if the insurer knows that a true but unpleaded fact or set of facts would bring the claim within the coverage of the policy." *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 5; 235 NW2d 42 (1975), lv den 395 Mich 787 (1975), *Wright, supra,* p 644.

Defendant contends that plaintiff insurer had a duty to defend him because it knew that he claimed to have acted in self-defense and without intending to injure Donnelly. He contends that these facts would bring his claim within the coverage of the policy. Cases interpreting the policy language "*injury* caused intentionally" have held that, even where the act was intentional, the exclusion does not bar coverage unless the injury was also intended. See *Putman v Zeluff,* 372 Mich 553, 556; 127 NW2d 374 (1964); *Morrill v Gallagher,* 370 Mich 578, 588; 122 NW2d 687 (1963); *Dalzell, supra,* pp 692-693; *Nestor, supra,* p 581.

Based on the facts alleged, defendant had the intent both to act and to injure. However, if at trial the fact finder accepts defendant's contention that he acted in self-defense, then it would find no cause of action on the assault and battery count and there consequently would be no liability and no coverage under the insurance policy. On the

other hand, if the jury rejects defendant's claim of self-defense and finds that he committed the intentional tort of assault and battery, then coverage similarly would be excluded since a finding of assault and battery would encompass the corollary finding under these facts that defendant must have intended injury. See *Radmacher, supra; Group Ins Co of Michigan v Morelli,* 111 Mich App 510, 515-516; 314 NW2d 672 (1981). Thus, under any version of the pleaded facts the insurance company could not possibly be responsible for paying the claim. If there is no such possibility, there is no duty to defend.

Defendant also argues that plaintiff should have defended him and provided coverage since it knew that he could have been liable for negligence. This issue is without merit. Regardless of whether plaintiff would have had to defend defendant had the negligence count not been dropped, the negligence count was dropped and the jury could not have returned a verdict on that count. Once the negligence count was dropped, for whatever reason, all that remained was the assault and battery charge for which coverage was not provided under the insurance policy.

Affirmed.