IOWA KEMPER INSURANCE COMPANY v RYAN

Docket No. 103808. Submitted July 8, 1988, at Lansing. Decided August 25, 1988.

Iowa Kemper Insurance Company brought an action against Michael Ryan and Joseph Fetterman in the Genesee Circuit Court seeking a declaration that, under the provisions of a homeowner's policy covering Ryan, it was under no duty to defend Ryan in an action brought by Fetterman, who sought damages for personal injuries he allegedly sustained in an assault and battery committed by Ryan. The trial court, Judith A. Fullerton, J., granted summary disposition in favor of Iowa Kemper, ruling that there were no genuine issues of material fact and Iowa Kemper was entitled to judgment as a matter of law under the policy provision excluding coverage for "bodily injury or property damage which is either expected or intended from the standpoint of the insured." Defendant Fetterman appealed.

The Court of Appeals *held:*

Based upon the record before it, the trial court properly concluded that no factual development was possible from which reasonable minds could find anything but injuries to Fetterman "expected or intended from the standpoint of the insured."

Affirmed.

1. INSURANCE — DUTY TO DEFEND.

The duty of a liability insurer to defend its insured in an action by a third party is to be determined from the allegations of the third party's complaint; a transparent attempt by the third party to trigger coverage under a policy whose coverage is limited to liability for negligent conduct of the insured by characterizing intentionally tortious conduct as negligent will not give rise to a duty to defend the insured.

REFERENCES

Am Jur 2d, Insurance §§ 708, 709, 1408 *et seq.,* 1414 *et seq.*

Allegations in third person's action against insured as determining liability insurer's duty to defend. 50 ALR2d 458.

Construction and application of provision of liability insurance policy expressly excluding injuries intended or expected by insured. 31 ALR4th 957.

2. INSURANCE — HOMEOWNER'S INSURANCE — EXCLUSIONS — INTEN-
   TIONAL BODILY INJURY.
   Bodily injury, for purposes of a homeowner's insurance policy
   which excludes coverage for injury either expected or intended
   from the standpoint of the insured, is expected or intended if it
   is the natural and foreseeable result of the insured's inten-
   tional act.

*Nill, Kirby, Rockwell & Swan, P.C.* (by *Robert H. Shannon*), for plaintiff.

*Barbier, Petersmarck, Tolleson, Mead, Paige & Carlin, P.C.* (by *James A. Callahan*), for defendant Fetterman.

Before: BEASLEY, P.J., and SAWYER and T. J. FOLEY,* JJ.

PER CURIAM. Defendant, Joseph Fetterman, appeals as of right from a July 22, 1987, order granting summary disposition to plaintiff, Iowa Kemper Insurance Company. Plaintiff, the insurer of defendant Michael Ryan, a linebacker on the Central Michigan University football team, had brought the within action seeking a declaratory judgment that it had no obligation under a homeowner's policy to defend or indemnify Ryan for liability arising out of a lawsuit filed against him by Fetterman.

In the underlying action, Fetterman alleged personal injuries resulting from an assault and battery perpetrated by Ryan and others. The complaint alleged:

> 6. That on or about March 7, 1986, at approximately 11:30 the Plaintiff was a pedestrian lawfully upon Crawford Road, at or near its intersection with Broomfield Road, in the City of Mt. Pleasant, County of Isabella, when he was as-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

saulted and battered against his will by the Defendants herein, intentionally, willfully and wantonly, or negligently without provocation including, but not limited to being punched, kicked, pummelled, slapped and other means of physical contact after the Defendants had exited an automobile in which they were passengers.

7. That immediately prior to the Plaintiff being battered by the Defendants herein, he was placed in fear of being physically battered by the Defendants, they having the present wherewithal to accomplish the same.

8. That after said incident occurred, and approximately 200 yards further down Crawford Road, the Plaintiff again was assaulted and battered by the same Defendants without provocation after the Plaintiff had been placed in fear of being physically struck by the Defendants, they having the present wherewithal to accomplish the same.

9. That although the acts of the Defendants herein were intended by the Defendants, the injuries which were sustained by the Plaintiff were not intended.

In the within action, plaintiff claimed that Fetterman's lawsuit fell outside the coverage provided by Ryan's insurance policy. The policy provided:

This policy does not apply:
1. Under Coverage E—Personal Liability and Coverage F—Medical Payments to Others:

\* \* \*

f. to bodily injury or property damage which is either expected or intended from the standpoint of the insured.

The trial court granted plaintiff's motion for summary disposition based upon MCR 2.116(C)(10), for lack of a genuine issue of material fact. The court held that Fetterman's injuries either were

intended or expected from the standpoint of the insured.

On appeal, defendant Fetterman argues that the trial court erred because a genuine issue of material fact existed. We disagree. A motion for summary disposition pursuant to MCR 2.116 (C)(10) tests the factual support for a claim.[1] After considering the pleadings, affidavits, depositions and other available evidence, the court must be satisfied that the claim asserted cannot be supported at trial because of some deficiency which cannot be overcome.[2] Giving the benefit of all reasonable doubt to the opposing party, the court must determine whether the kind of record that might be developed would leave open an issue upon which reasonable minds could differ.[3]

The allegations contained in the underlying complaint generally determine an insurer's duty to defend.[4] However, mere allegations of negligence in a transparent attempt to trigger insurance coverage by characterizing intentionally tortious conduct as negligent will not persuade the court to impose a duty to defend.[5]

Here, the trial court granted summary disposition after reviewing the depositions of Ryan, Fetterman and several other witnesses to the pair of fights. All of the depositions, including Fetterman's own, indicated that Ryan intentionally and repeatedly struck his victim. The only significant difference between the several versions of the story was about who was the aggressor.

[1] *Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988).

[2] *Rizzo v Kretschmer,* 389 Mich 363, 371; 207 NW2d 316 (1973).

[3] *Weeks v Bd of Trustees, City of Detroit General Retirement System,* 160 Mich App 81, 84; 408 NW2d 109 (1987).

[4] *Frankenmuth Mutual Ins Co v Beyer,* 153 Mich App 118, 122; 395 NW2d 36 (1986).

[5] *Linebaugh v Berdish,* 144 Mich App 750; 376 NW2d 400 (1985).

Defendant Fetterman makes much of the fact that Ryan had been drinking and that, at one point in his deposition, Ryan stated that he did not intend to hit his victim. However, nothing else in the record indicated that Ryan's striking Fetterman was anything but volitional. Ryan's bare statement that he did not intend to hit Fetterman contradicted every other shred of evidence. Ryan himself maintained that he struck Fetterman in self-defense. Fetterman stated that it was "raining fists." This statement belied Fetterman's claim of negligence on Ryan's part. Bodily injury is "expected or intended" from the standpoint of the insured if it is the natural and foreseeable result of the insured's intentional act.[6]

Based upon the record before it, the trial court properly concluded that no factual development was possible from which reasonable minds could find anything but injuries to Fetterman "expected or intended from the standpoint of the insured."

Affirmed.

[6] See *Yother v McCrimmon*, 147 Mich App 130; 383 NW2d 126 (1985).