AUTO CLUB INSURANCE ASSOCIATION v WILLIAMS

Docket No. 109388. Submitted April 19, 1989, at Lansing. Decided
August 9, 1989.

Auto Club Insurance Association brought an action in the Gene-
see Circuit Court against Alice Williams and others to declare
that it had no duty to defend Alice Williams in a civil suit filed
against her by the other defendants. The matter was submitted
to the court on stipulated facts which did not include a copy of
the complaint in the underlying action. The court, Judith A.
Fullerton, J., granted summary disposition to defendants, con-
cluding that plaintiff had a duty to defend Alice Williams on
the facts stipulated. Plaintiff appealed.

The Court of Appeals *held:*

The duty of an insurer to defend an insured depends upon
the allegations contained in the complaint against the insured.
Since plaintiff did not offer the trial court a copy of the
underlying complaint against Alice Williams or evidence of
what the allegations in that complaint were, it did not prove
that it owed no duty to defend. The grant of summary disposi-
tion was proper.

Affirmed.

1. INSURANCE — DUTY TO DEFEND.

The duty of an insurer to defend an insured depends upon the
allegations in the complaint of the third party in his action
against the insured and may extend to actions which are
groundless, false or fraudulent, so long as the allegations
against the insured are even arguably within the policy cover-
age.

2. INSURANCE — DUTY TO DEFEND.

An insurer has a duty to defend despite theories of liability
asserted against any insured which are not covered under the
policy if there are any theories of recovery that fall within the
policy.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 389-399.
Allegations in third person's action against insured as determining
liability insurer's duty to defend. 50 ALR2d 458.

3. Insurance — Insurers — Duty to Defend — Duty to Pay.

   The duty of an insurer to defend an action brought against the insured by a third party is severable from the duty to pay; that an insurer may ultimately be found not liable is a matter separate and apart from its obligation to defend the insured.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *Paul R. Rischer*), and *John A. Lydick*, of Counsel, for plaintiff.

*Loyst Fletcher, Jr.*, for defendants.

Before: Sullivan, P.J., and Sawyer and Marilyn Kelly, JJ.

Per Curiam. Plaintiff appeals from an order of the circuit court granting summary disposition in favor of defendants on plaintiff's complaint for declaratory judgment. Specifically, the trial court concluded that plaintiff had a duty to defend defendant Alice Williams in a civil action filed by defendants Harold and Althea Jones. The Joneses alleged that Williams was liable for the death of Tijra Jones. We affirm, though for a reason different from that given by the trial court.

This matter was submitted to the trial court on the following stipulated facts:

> On September 5, 1986, at approximately 12:57 P.M., Alice R. Williams took her two grandchildren, Joshua Jones, age 2 and Tijra Jones, age 5, with her in her automobile to the city hall area located on East Fifth Street in Flint, Michigan. Joshua had been seated on the armrest separating the two front seats of Ms. Williams' vehicle. Tijra had been seated on the right front passenger side. The purpose of Ms. Williams' trip was to file a police report in connection with an unrelated matter. Ms. Williams parked her vehicle alongside the curb in the metered parking area on the street in the vicinity of the Flint Fire Department. She

thereafter opened her door and lifted young Joshua out of the vehicle. Thereafter, Joshua broke away from her and ran into the street. Ms. Williams ran after him and caught him past the midpoint on the one-way, three-lane street. She then proceeded to the north curb, which was opposite her vehicle. Almost immediately upon reaching the north curb, Ms. Williams heard the sounds of an accident occurring behind her. Upon turning around, she saw that Tijra had been struck by a Chevrolet Blazer driven by a third party. The impact occurred in the first lane of eastbound Fifth Street. How Tijra exited the vehicle, and why she was in the street are unknown. She expired in surgery at Hurley Medical Center at approximately 4:30 P.M.

Alice Williams has further made the unrebutted assertion that it was her intent to unload both kids from the car, and that when Joshua Jones ran across the street, it was her intention to get him and return for Tijra Jones.

Plaintiff takes the position on appeal, as it did in the trial court, that it has no duty to defend defendant Williams in the underlying action because the death of Tijra Jones did not occur as the result of the ownership, maintenance, or use of a motor vehicle. See MCL 500.3135(1); MSA 24.13135(1). Under the pertinent insurance policy, plaintiff will pay damages for which its insured, Alice Williams, is liable because of bodily injury "arising out of the ownership, maintenance or use including the loading or unloading of the insured car." Defendants take the position that Tijra Jones' death did arise as the result of defendant Williams' use of a motor vehicle. The trial court agreed with defendants, concluding that Tijra Jones' death did result from Williams' use of a motor vehicle. We believe, however, that the question whether Tijra Jones' death resulted from

Williams' use, maintenance or ownership of a motor vehicle is irrelevant to determining whether plaintiff has a duty to defendant Williams in the underlying action.

The analysis of this case by the trial court and the parties is misplaced because they direct their attention to the issue of the viability of a claim against Williams for automobile negligence under § 3135 of the no-fault act and the corresponding coverage provisions of Williams' automobile insurance policy with plaintiff. The issue of the viability of the claim, however, is irrelevant to determining whether plaintiff has a duty to defend.

An insurer's duty to defend its insured was discussed by this Court in the recent case of *Farmers & Merchants Mutual Fire Ins Co v LeMire,* 173 Mich App 819, 824; 434 NW2d 253 (1988):

> The duty of an insurance company to defend its insured arises solely from the language of the insurance contract. *Frankenmuth Mutual Ins Co v Beyer,* 153 Mich App 118, 122; 395 NW2d 36 (1986). The insurer's duty to defend is determined by the allegations in the complaint against the insured. *Id.* An insurer has a duty to defend, despite theories of liability asserted against any insured which are not covered under the policy, if there are any theories of recovery that fall within the policy. *Detroit Edison Co v Michigan Mutual Ins Co,* 102 Mich App 136, 142; 301 NW2d 832 (1980); *Dochod v Central Mutual Ins Co,* 81 Mich App 63, 67; 264 NW2d 122 (1978). This duty is not limited to meritorious suits and may even extend to actions which are groundless, false, or fraudulent, so long as the allegations against the insured even arguably come within the policy coverage. *Detroit Edison Co, supra.* Additionally, in *Dochod, supra,* p 67, this Court stated:
>
> "When considering whether the insurer has a duty to defend the insured, it must be remembered

that the duty to pay is severable from the duty to defend. *Zurich Ins Co v Rombough,* 384 Mich 228; 180 NW2d 775 (1970). The one is not dependent on the other. That an insurer may ultimately be found not liable, therefore, is a matter separate and apart from its obligation to defend the insured."

Thus, the determination whether an insurance company has a duty to defend its insured rests not upon the viability of the claim against the insured but upon whether any of the theories of recovery advanced by the plaintiff in the underlying lawsuit against the insured were based upon a claim which would come within the policy if substantiated at trial. Simply put, when an insured purchases an insurance policy, he buys coverage, including the provision of legal services, not only for meritorious claims against him but for frivolous ones as well.

The analysis of whether the claim against defendant Williams by defendants Harold and Althea Jones in the underlying lawsuit comes within the policy issued by plaintiff is hampered by the fact that the complaint in the underlying action by the Joneses against Williams is not available for our review. None of the parties have attached a copy of the complaint to their briefs nor was the complaint attached as an exhibit to any of the pleadings of any of the parties contained in the lower court record. The only hint of what theories of recovery were advanced by the Joneses in the underlying action is the following statement contained in plaintiff's motion for summary disposition:

3. That following said accident, Tijra Jones' parents filed suit against one Alice Williams (Tijra Jones' Grandmother), alleging negligence in vari-

ous respects, including failure to observe traffic conditions, failure to exercise proper control over the Decedent, and failure to park her vehicle in a reasonable manner.

It would appear that the allegations concerning defendant Williams' alleged negligence in failing to observe traffic conditions and failing to park the vehicle in a reasonable manner would indicate that the complaint against Williams in the underlying action would allege automobile negligence under § 3135 of the no-fault act; that is, it alleges a claim which comes within the scope of the policy issued by plaintiff.[1] Further, we note that the

[1] We are not unmindful of the fact that it would appear that the complaint against Williams in the underlying action also alleges a theory outside the scope of the automobile insurance policy as evidenced by an allegation that defendant Williams failed to exercise proper control over the decedent. However, the fact that a complaint contains theories outside the scope of the insurance policy as well as theories within the scope of the insurance policy does not excuse the insurer from its duty to defend. *LeMire, supra* at 824. Nor are we unmindful that this Court has carved out an exception to the general duty to defend where the allegations of negligence in the underlying complaint are what has been characterized as a plaintiff's attempt to bring a claim within the defendant's insurance coverage by characterizing intentionally tortious conduct as negligence. See *Iowa Kemper Ins Co v Ryan,* 172 Mich App 134, 137; 431 NW2d 434 (1988), citing *Linebaugh v Berdish,* 144 Mich App 750; 376 NW2d 400 (1985). But see *LeMire, supra,* where the underlying complaint alleged intentional as well as negligent conduct. However, we do not believe that the theory in the underlying complaint against Williams alleging automobile negligence is so far afield as to constitute a transparent attempt by the plaintiffs in the underlying action, being defendants Harold and Althea Jones in the instant action, to bring otherwise uncovered conduct within the scope of the policy issued by plaintiff. Simply put, the *Ryan* case and its predecessors are distinguishable from the case at bar. We would note, however, that to the extent the underlying complaint against Williams alleges negligence by Williams other than that arising out of the use, maintenance or ownership of a motor vehicle, that is to say "non-automobile negligence," there could potentially be a duty to defend and indemnify Williams by another carrier, such as her homeowner's insurance carrier, for such negligent conduct, if any. We leave it, however, to the parties to determine whether there is another insurance carrier who provides coverage to Williams and who may have a duty to defend and indemnify Williams in conjunction with plaintiff.

conclusion that the plaintiffs in the underlying action did plead one or more claims which constitute automobile negligence is supported by the fact that the parties in the trial court have expended a great deal of time and effort discussing whether there is a viable automobile negligence claim.

Moreover, while this case could be resolved more easily and with greater certainty had the complaint in the underlying action been available for our review, the failure to supply that complaint for review by including it in the lower court record must be charged to plaintiff. That is, it is plaintiff who seeks to avoid its duty to defend and indemnify and who sought a declaratory judgment that it had no such duty. Accordingly, it was incumbent upon plaintiff to establish that no such duty existed. Since, as discussed above, the relevant inquiry is whether any of the claims in the underlying action against the insured come within the scope of the policy, it would seem to us that, absent a fatal admission by the insured or the plaintiffs in the underlying action, it would be necessary for the insurance company to produce a copy of the underlying complaint in its declaratory judgment action and point to the fact that none of the claims pled in that complaint come within the scope of the policy.

More simply put, how can this Court, or the trial court, conclude that none of the claims pled by the plaintiffs in the underlying action raise a claim covered by the insurance policy when plaintiff has failed to inform this Court, or the trial court, of the exact nature of the claims pled by the plaintiffs in the underlying action? Since plaintiff has failed to establish what claims were pled, it must necessarily follow that plaintiff has failed to establish that those claims, whatever they are, do not come within the scope of the policy.

Finally, we note that a remand to the trial court so that plaintiff may introduce a copy of the underlying complaint and argue that none of the claims raised in the complaint come within the scope of the policy is not called for here. Plaintiff had its opportunity to create its record in support of its claim that it is not obligated to defend or indemnify Williams and it failed to do so. Plaintiff is not entitled to a second bite at the apple.

Although we do not agree with the trial court's reasoning, we do agree with its conclusion that plaintiff has a duty to defend defendant Williams in the underlying action. We would note, however, that its duty only extends to the extent that there remain claims against Williams which sound in automobile negligence. Plaintiff may, of course, in the course of its defense of Williams, raise a motion for summary disposition in the underlying action to seek to have the counts which allege automobile negligence dismissed. Thus, if only claims remained which alleged theories other than automobile negligence, no continuing duty to defend would exist.[2] Moreover, plaintiff's obligation to indemnify Williams is, of course, contingent upon any award against Williams on an automobile negligence theory.

Affirmed. Defendants may tax costs.

---

[2] Though, as a caveat to plaintiff, it would continue to have a duty to defend Williams in any subsequent appeal which challenged such a grant of summary disposition on the automobile negligence claims. With such an obligation in mind, plaintiff may wish to consider the advisability of continuing to defend Williams on the remaining claims.