CAVANAGH, J.
(dissenting). I agree with dissenting Justice KELLY that in the underlying complaint in this action, Flowserve’s allegations amounted to allegations of a violation of its trade dress. I also agree with her analysis of the terms “advertisement” and “notice.” However, I would resolve this case simply by reviewing the specific allegations Flowserve made in its complaint against Pro-Seal Service Group, Inc., because as Justice Kelly notes, and as the majority ignores, the question whether an insurer has the duty to defend must be answered by examining the allegations in the underlying complaint, rather than by looking at the insured’s specific actions. In fact, “ [i]f the allegations of a third party against the policyholder even arguably come within the policy coverage, the insurer must provide a defense.” American Bumper & Mfg Co v Hartford Fire Ins Co, 452 Mich 440, 450-451; 550 NW2d 475 (1996), citing Polkow v Citizens Ins Co, 438 Mich 174, 178, 180; 476 NW2d 382 (1991); Allstate Ins Co v Freeman, 432 Mich 656, 662; 443 NW2d 734 (1989). “This is true even where the claim may be groundless or frivolous.” Id.
Here, Flowserve accused Pro-Seal’s individual employees of misrepresenting to the public that they were associated with Flowserve, that they were capable of performing certified repairs on Flowserve products, and that Pro-Seal seals were Flowserve seals. Flowserve further alleged that defendant “improperly appropriated and used Flowserve’s T-50’ trademark to identify their inferior seal” to “capitalize on Flowserve’s good *89 will and to further confuse the process industry into believing that [Pro-Seal’s] competitive seals are Flowserve seals.” Further, Flowserve accused Pro-Seal of using three of Flowserve’s trademarks and attached several purchase orders allegedly showing that customers were ordering Flowserve seals from Pro-Seal and were being sent Pro-Seal seals. Flowserve attached a photograph of a Flowserve product bearing Flowserve trademarks and alleged that Pro-Seal had replaced internal parts with Pro-Seal parts. Flowserve explained that it discovered these internal parts while fixing a pump in which the seal had been installed and that it also discovered another seal it accused Pro-Seal of altering before it was installed. Another allegation involved an allegedly improperly labeled crate, which contained another allegedly altered Flowserve product, and an assembly drawing bearing the Flowserve name and trademark in the box in which the seal was shipped.
Specific guiding principles governing the determination of an insurer’s duty to defend were aptly set forth in American Bumper, supra, and bear repeating here:
“ ‘An insurer has a duty to defend, despite theories of liability asserted against any insured which are not covered under the policy, if there are any theories of recovery that fall within the policy. Dochod v Central Mutual Ins Co, 81 Mich App 63; 264 NW2d 122 (1978). The duty to defend cannot be limited by the precise language of the pleadings. The insurer has the duty to look behind the third party’s allegations to analyze whether coverage is possible. Shepard Marine Construction Co v Maryland Casualty Co, 73 Mich App 62; 250 NW2d 541 (1976). In a case of doubt as to whether or not the complaint against the insured alleges a liability of the insurer under the policy, the doubt must be resolved in the insured’s favor. 14 Couch, Insurance, 2d (rev ed), § 51:45, p 538 [now § 51:49, p 489].’ ” [American Bumper, supra at 451-452, quoting Protective Nat’l Ins Co v City of Woodhaven, 438 Mich 154, 159; 476 NW2d 374 *90 (1991), quoting Detroit Edison Co v Michigan Mut Ins Co, 102 Mich App 136, 142; 301 NW2d 832 (1980).]
While the complaint in the present case certainly could have been crafted more specifically with respect to describing precisely how defendant accomplished these violations, i.e., how it “advertised,” Flowserve’s allegations were sufficient to trigger a duty to defend. Flowserve alleged that Pro-Seal used Flowserve’s trademarks to identify Pro-Seal products and through its actions caused customer confusion regarding the origin or manufacturer of the goods. From these allegations alone, it can be deduced that Pro-Seal was accused of taking actions that inherently involved notice broadcast or published to the general public or specific market segments about its goods, products, or services for the purpose of attracting customers or supporters. Thus, the Court of Appeals correctly determined that plaintiff had a duty to defend Pro-Seal.
On that basis, I would affirm the Court of Appeals. But even if I agreed with the majority’s substantive analysis, I would not remand this case to the trial court to allow it to determine anew whether plaintiff was required to defend Pro-Seal. The trial court was presented with this and other issues in the proceedings on this declaratory judgment action, and it made its ruling accordingly. In its written opinion and order granting summary disposition for plaintiff, the trial court described the nature of the claims being made, summarized the various complaint allegations, and ruled that plaintiff had no duty to defend. In fact, it ruled that “coverage is excluded for advertising injuries that are ‘knowingly made.’ ” See ante at 79. While the trial court did not provide a detailed analysis with regard to the alleged “advertising injury,” it is clear that it found one because it determined that the advertising injury was *91 made knowingly. And it did not use conditional language, such as stating that if there were an advertising injury, it was knowingly made. Presumably, the trial court is unlikely to change its mind on remand, making the preliminary “victory” in this case hollow for defendant. Quite simply, the majority’s remand unfairly gives plaintiff a second opportunity to convince the trial court to again rule in its favor.
WEAVER, J., concurred with CAVANAGH, J.